OPINION
On July 1, 1993, appellants Terry and James Vahila, and Vahila Insurance Agency, filed an eight-count complaint alleging legal malpractice, emotional distress, and loss of consortium against appellees Charles D. Hall, III; Baker, Meekison and Dublikar; and Ralph Dublikar, arising from appellees' representation of appellants in a number of civil and criminal matters. Appellees filed a motion for summary judgment on the complaint. The court granted the motion for summary judgment, which was affirmed by this court on appeal. Thereafter, appellants were granted a discretionary appeal with the Ohio Supreme Court. On February 12, 1997, the Ohio Supreme Court modified the standard of proof applicable to a claim for legal malpractice, reversed the judgment of this court, and remanded the case to the trial court for trial. Vahila vs. Hall (1997), 77 Ohio St.3d 421. The matter proceeded to jury trial on May 18, 1998. The jury returned a verdict in favor of appellees. Appellants then filed a motion for new trial, arguing that the perjured testimony OF appellee Charles D. Hall, III entitled them to a new trial. The court overruled the motion for new trial, finding that any inconsistencies in his testimony went toward his credibility, and do not rise to the level of perjury or misconduct. Appellants appealed the judgment denying their motion for a new trial. Appellants have not specifically stated the Assignments of Error presented for review, as required by App.R. 16(A)(3); however, from the brief of appellants, we extrapolate the following Assignment of Error:
ASSIGNMENT OF ERROR:
 THE STARK COUNTY COMMON PLEAS COURT ABUSED IT DISCRETION IN DENYING APPELLANTS' MOTION FOR A NEW TRIAL.
On April 26, 1999, following oral argument of the instant appeal, appellants filed a request for leave to file a supplemental brief addressing the issue of ineffective assistance of trial counsel. Claims of ineffective assistance of counsel are not recognized in civil matters, and cannot be the basis of a reversal by this court. Loch vs. Loch (April 8, 1996), Stark App. No. 1995CA00278, unreported. Appellants' motion to file a supplemental brief is overruled. In support of her claim that appellee Charles Hall perjured himself on the witness stand in the trial of this matter, appellants have attached to their brief several pages of what purports to be Hall's trial testimony in the instant case. However, a transcript of the proceedings in the trial of this case has not been filed with this court. The docket reflects that on August 11, 1998, the record was transmitted to this court without a transcript of the proceedings. On September 11, 1998, appellants filed a motion to supplement the record. On September 17, 1998, this court granted the motion, allowing appellants until September 25, 1998 to supplement the record with a transcript of the proceedings. On September 29, 1998, we granted a second motion to supplement the record, allowing appellants until November 6, 1998 to supplement the record with the transcript. However, the docket does not reflect that a transcript of the proceedings was ever filed in the instant case. In addition, the record does not include a transcript of the proceedings of the trial in the instant matter held in May of 1998. Where portions of the transcript necessary to resolve issues are not part of the record, the Court of Appeals must presume regularity in the proceedings below and affirm. Knapp vs. Edwards Laboratories (1980), 61 Ohio St.2d 197. The Assignment of Error is overruled. Appellants' motion to file a supplement brief is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By:
Reader, V.J. Gwin, P. J. and Farmer, J. concur.