[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 421.]

VAHILA ET AL., APPELLANTS, *v.* HALL ET AL., APPELLEES.

[Cite as *Vahila v. Hall*, 1997-Ohio-259.]

*Torts—Legal malpractice—Requirements to establish cause of action for legal malpractice based on negligent representation.*

To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. (*Krahn v. Kinney* [1989], 43 Ohio St.3d 103, 538 N.E.2d 1058, followed.)

———————————

(No. 95-2196—Submitted November 12, 1996—Decided February 12, 1997.)

APPEAL from the Court of Appeals for Stark County, No. 94CA0184.

———————————

{¶ 1} On July 1, 1993, appellants, Terry R. Vahila, James G. Vahila, and Vahila Insurance Agency, filed a legal malpractice action against Charles D. Hall III, Ralph F. Dublikar, and the law firm of Baker, Meekison & Dublikar, appellees. Appellants' malpractice action arose in connection with appellees' representations of appellants in several civil matters, appellees' representations of Terry Vahila with respect to certain criminal charges that had been brought against her, and appellees' representation of Terry during an investigation of her by the Ohio Department of Insurance. In their complaint, appellants claimed that they had sustained damages as the direct and proximate result of appellees' negligent representations in the various civil, criminal, and administrative matters. Appellants further set forth claims against appellees for "extreme" emotional

distress. Additionally, James Vahila sought recovery against appellees for loss of consortium.

{¶ 2} Appellees answered appellants' complaint and denied any negligence in their prior representations of appellants. Appellees also filed a counterclaim to recover attorney fees allegedly owed by appellants. Thereafter, the matter proceeded to discovery.

{¶ 3} On April 15, 1994, appellees filed a motion for summary judgment. In their motion, appellees asserted, among other things, that there was "[a] complete absence of any evidence of damages proximately caused by the alleged acts and/or omissions of the defendants[.]" With respect to this assertion, appellees claimed essentially that they were entitled to summary judgment because appellants were required to, but could not, prove that they would have been successful in the underlying civil, criminal, and administrative matters in which the alleged malpractice had occurred. To support this argument, appellees relied upon certain evidentiary materials of the type listed in Civ.R. 56(C).

{¶ 4} Appellants responded to the motion for summary judgment. In support of their response, appellants submitted the affidavits of James and Terry Vahila and the affidavits of two expert witnesses, Bennett J. Wasserman and Eric A. Mertz. James and Terry Vahila indicated in their affidavits that they had sustained damages as the direct and proximate result of appellees' negligence. James stated that as a result of appellees' negligence they (appellants) had suffered damages of $100,000 and that they had lost profits "of at least" $200,000. Wasserman and Mertz indicated in their affidavits that they had reviewed the events surrounding the malpractice action, that appellees had breached various duties owed to appellants in connection with these matters, and that such negligent acts and/or omissions had been the direct and proximate cause of appellants' damages.

{¶ 5} On May 26, 1994, the trial court granted appellees' motion for summary judgment. The trial court held that "there are no material issues of fact

2

in controversy as to proximate cause and Plaintiffs have failed to establish the essential element of damages proximately caused by the Defendants' alleged negligence on all of their claims. Further, this Court finds that Plaintiffs have not demonstrated that, absent the alleged negligent conduct, Plaintiffs would have been successful at trial. As such, this case is not an appropriate one for a legal malpractice claim."

{¶ 6} On June 23, 1994, appellants filed a motion with the trial court, requesting that the court reconsider its May 26, 1994 decision. In support of their motion, appellants attached supplemental affidavits of Wasserman and Mertz. Thereafter, on June 24, 1994, appellants filed a notice of appeal with the trial court regarding the court's May 26, 1994 decision.

{¶ 7} On appeal, the Court of Appeals for Stark County affirmed the judgment of the trial court. The court of appeals, relying on *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, held that appellees were entitled to summary judgment on appellants' claims because appellants, in response to appellees' motion for summary judgment, failed to prove that they sustained damages proximately caused by the alleged negligence of appellees. The court of appeals determined that "[t]o establish a genuine issue of material fact regarding proximate cause, the Vahilas were required to present evidence which, if believed, would have proved that the outcome of one or more of the matters in which defendants represented them would have been more favorable to them but for defendants' alleged breaches of duty." Specifically, the court of appeals concluded that "[i]n their response to defendants' motion for summary judgment, the Vahilas did not point to 'specific facts showing that there [was] a genuine issue for trial' regarding whether any of the matters in which defendants represented them would have resulted in a more favorable outcome to them but for defendants' alleged breaches of duty. They pointed to no evidence that any judgment entered against them in the civil matters would have been for a lesser amount, or that those civil

matters would have been settled on a more favorable basis, but for defendants' mishandling of them; they pointed to no evidence that any cross-claim or counterclaim that defendants allegedly failed to assert would have been successful; they pointed to no evidence that the criminal prosecutions against Ms. Vahila would have been resolved more favorably to her but for defendants' alleged mishandling; and they pointed to no evidence that the investigation of Ms. Vahila by the Ohio Department of Insurance would have been resolved more favorably to her but for the alleged mishandling of that investigation by defendants."

{¶ 8} The cause is now before this court pursuant to the allowance of a discretionary appeal.

––––––––––––––––––

*McLaughlin, McNally & Carlin, Clair M. Carlin* and *Thomas M. Vasvari*, for appellants.

*Ulmer & Berne, P.L.L., Thomas R. Kelly* and *Jay W. Pearlman*, for appellees.

*Frank E. Todaro*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

––––––––––––––––––

**DOUGLAS, J.**

{¶ 9} The primary issue in this case is whether the trial court and court of appeals properly concluded that appellees were entitled to summary judgment on the claims set forth in appellants' legal malpractice complaint. For the reasons that follow, we find that summary judgment should not have been granted in favor of appellees. Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings.

{¶ 10} Initially, we note that the trial court and court of appeals determined that appellees were entitled to summary judgment because appellants failed to establish that they sustained any damages proximately caused by the alleged

negligent acts and/or omissions of appellees. The trial court's determination was based in part on the fact that appellants had failed to establish that, but for the negligence of their attorneys, appellants would have been successful in the underlying actions and proceedings in which the alleged malpractice had occurred. It appears that the court of appeals agreed with the findings of the trial court in this regard. However, we disagree with the conclusions reached by the trial court and court of appeals.

{¶ 11} In *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 106, 538 N.E.2d 1058, 1061, we held that "a plaintiff need not allege a reversal of his or her conviction in order to state a cause of action for legal malpractice arising from representation in a criminal proceeding. To plead a cause of action for attorney malpractice arising from criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach."[1]

{¶ 12} In *Krahn*, Lynn B. Krahn managed a bar owned by High Spirits, Inc. ("High Spirits"). Krahn hired Winfield E. Kinney III to defend her with respect to three misdemeanor gambling charges that had been brought against her. High Spirits retained Kinney to represent it in connection with a citation issued by the Ohio Department of Liquor Control. However, following pretrial negotiations between Kinney and the prosecutor, Kinney failed to convey to Krahn that the prosecutor had offered to dismiss the charges in exchange for Krahn's testimony against her gambling-device supplier. On the day of trial, Krahn followed Kinney's recommendation to withdraw her plea of not guilty and enter a plea of guilty to one of the charges. Further, Kinney failed to appear at a hearing before the Ohio Liquor

---

1. We also noted in *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 105, 538 N.E.2d 1058, 1060-1061, that the elements required to state a cause of action for malpractice arising out of legal representation in criminal matters also apply to a cause of action for legal malpractice relating to civil matters.

Control Commission to defend the citation that had been issued against High Spirits. As a result of Kinney's conduct, Krahn and High Spirits sued Kinney and the law firm for malpractice. The trial court granted summary judgment in favor of Kinney and the firm. The court of appeals reversed the judgment of the trial court.

{¶ 13} Kinney and the law firm appealed to this court, arguing, among other things, that relief should not be granted in these types of cases unless the plaintiff first obtains a reversal of his or her underlying conviction on grounds of ineffective assistance of counsel. We rejected this argument and stated that:

"The inequity of requiring a plaintiff to obtain a reversal of his or her conviction before bringing a malpractice action is apparent from the facts in the present case. Krahn's claim is based in part on Kinney's alleged failure to communicate the prosecutor's offer. Consequently, Krahn was forced into the situation of having to plead to a more serious charge or risk a still greater conviction and sentence. Krahn may have made a valid plea on the day of trial, but she would have been better served had she accepted the earlier bargain. As aptly stated by the court of appeals, *the injury in such a situation 'is not a bungled opportunity for vindication, but a lost opportunity to minimize her criminal record.'*

"The situation is like that in a civil action where the attorney fails to disclose a settlement offer. Such failure may expose the attorney to a claim of legal malpractice. *Lysick v. Walcom* (1968), 258 Cal.App.2d 136, 65 Cal. Rptr. 406. See, also, *Smiley v. Manchester Ins. & Indemn. Co*. (1978), 71 Ill.2d 306 [16 Ill.Dec. 487], 375 N.E.2d 118, where the attorney failed to effect a settlement on a client's behalf." (Emphasis added and footnote omitted.) *Krahn*, 43 Ohio St.3d at 105-106, 538 N.E.2d at 1061.

{¶ 14} We also found in favor of High Spirits and further observed that:

"We also find that High Spirits has stated a cause of action. High Spirits incurred extra attorney fees in rectifying Kinney's failure to appear at the original

commission hearing. *The injury is not the penalty ultimately imposed by the commission, but the expenses involved in rectifying Kinney's failure. High Spirits states a cause of action regardless of whether the ultimate penalty imposed by the commission is reversed*.

"Having enunciated the elements of a claim sounding in malpractice and arising from criminal representation, we note that in most cases the failure to secure a reversal of the underlying criminal conviction may bear upon and even destroy the plaintiff's ability to establish the element of proximate cause. In other words, we do not relieve a malpractice plaintiff from the obligation to show that the injury was caused by the defendant's negligence. But the analysis should be made in accordance with the tort law relating to proximate cause. The analysis should focus on the facts of the particular case. *We reject the suggestion that a proximate cause analysis can be eliminated and replaced by a rule of thumb based on whether the malpractice plaintiff has succeeded in overturning the underlying criminal conviction*." (Emphasis added and footnote omitted.) *Id*., 43 Ohio St.3d at 106, 538 N.E.2d at 1061-1062.

{¶ 15} We believe that many of the principles set forth in *Krahn* are directly applicable to the situation here. In this regard, we reject any finding that the element of causation in the context of a legal malpractice action can be replaced or supplemented with a rule of thumb requiring that a plaintiff, in order to establish damage or loss, prove in every instance that he or she would have been successful in the underlying matter(s) giving rise to the complaint. This should be true regardless of the type of representation involved. In fact, one legal authority has severely criticized imposing such a burden on victims of legal malpractice:

"A standard of proof that requires a plaintiff to prove to a virtual certainty that, but for the defendant's negligence, the plaintiff would have prevailed in the underlying action, in effect immunizes most negligent attorneys from liability. No matter how outrageous and morally reprehensible the attorney's behavior may have

7

been, if minimal doubt exists as to the outcome in the original action, the plaintiff may not recover in the malpractice action. Except in those rare instances where the initial action was a 'sure thing,' the certainty requirement protects attorneys from liability for their negligence.

"A strict 'but for' test also ignores settlement opportunities lost due to the attorney's negligence. The test focuses on whether the client would have won in the original action. A high standard of proof of causation encourages courts' tendencies to exclude evidence about settlement as too remote and speculative. The standard therefore excludes consideration of the most common form of client recovery.

"In addition, stringent standards of proving 'but for' require the plaintiff to conduct a 'trial within a trial' to show the validity of his underlying claim. A full, theoretically complete reconstruction of the original trial would require evidence about such matters as the size of jury verdicts in the original jurisdiction. For example, an experienced attorney could testify that juries in that jurisdiction typically award verdicts of $x$ dollars in similar cases. But such evidence is too remote and speculative; the new factfinder must try the merits of both the malpractice suit and the underlying claim to make an independent determination of the damage award. The cost and complexity of such a proceeding may well discourage the few plaintiffs otherwise willing to pursue the slim chance of success.

"Other problems await those who do proceed with the 'trial within a trial.' For example, the attorney in the original action may have negligently failed to pursue the discovery that would have insured success. If the results of that same discovery are now necessary to prove the merit of the underlying claim — and the passage of time has precluded obtaining that information — the attorney by his own negligence will have protected himself from liability. In such a case, the more negligent the attorney, the more difficult is the plaintiff's task of proving

causation." (Footnotes omitted.) Note, The Standard of Proof of Causation in Legal Malpractice Cases (1978), 63 Cornell L.Rev. 666, 670-671 ("Note").

{¶ 16} The inequity of requiring appellants to prove that they would have been successful in the underlying matters giving rise to their malpractice action is duly apparent from the facts of this case. Appellants' malpractice suit is premised on multiple negligent acts and/or omissions that had allegedly been committed by their attorneys. The majority of the allegations stem from the failure of appellees to properly disclose all matters and/or legal consequences surrounding the various plea bargains entered into by Terry Vahila and the settlement arrangements agreed to by appellants with respect to the several civil matters. According to appellants, the pleas and settlements were obtained under duress and/or coercion and were not entered into voluntarily. Moreover, appellants have also asserted that appellees failed to adequately protect their interests in many of the underlying matters and negligently failed to secure viable defenses on their (appellants') behalf. Thus, given the facts of this case, appellants have arguably sustained damage or loss regardless of the fact that they may be unable to prove that they would have been successful in the underlying matter(s) in question.

{¶ 17} Accordingly, we hold that to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. See Note at 671; and *Krahn*, 43 Ohio St.3d at 106, 538 N.E.2d at 1062. However, we cannot endorse a blanket proposition that requires a

plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim.

{¶ 18} An equally important matter in this case concerns the court of appeals' interpretation and application of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. Appellees, in their memorandum in support of their motion for summary judgment, asserted that "No Evidence Exists in This Case To Demonstrate that the Damages Plaintiffs Have Allegedly Sustained Were Proximately Caused by the Alleged Acts and/or Omissions of Defendants." The court of appeals quoted appellees' assertion and concluded, citing *Celotex*, that this assertion, *by itself*, was sufficient to discharge appellees' initial responsibilities under Civ.R. 56, requiring appellants to then point to specific facts in the record demonstrating the existence of a genuine issue for trial. We disagree.

{¶ 19} In *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114-115, 526 N.E.2d 798, 800-801, we recognized that:

"While *Celotex* says that a moving party does not have to support its motion with affidavits negating the opponent's claims, *Celotex* also plainly states that 'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.' *Celotex*, *supra*, at 323 [106 S.Ct. at 2553, 91 L.Ed.2d at 274].

"Accordingly, even *Celotex* makes clear that a party moving for summary judgment has certain obligations that must be met. These obligations are set forth in *Massaro v. Vernitron Corp*. (D.Mass.1983), 559 F.Supp. 1068. *Massaro* held that the party seeking summary judgment '* * * bears the burden of affirmatively demonstrating that, with respect to every essential issue of each count in the

complaint, there is no genuine issue of fact.' *Massaro*, *supra*, at 1073 (citing *Mack v. Cape Elizabeth School Board* [C.A.1, 1977], 533 [*sic*, 553] F.2d 720, 722). The moving party bears this burden '* * * even with regard to issues on which plaintiffs * * * would have the burden of proof should the case go to trial.' *Massaro*, *supra*, at 1073, citing *Ramsey* [*sic*, *Ramsay*] v. *Cooper* (C.A.1, 1977), 553 F.2d 237, 240-241, fn.8; *Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 159-161 [90 S.Ct. 1598, 1609-1610, 26 L.Ed.2d 142, 155-156]. See, also, *Bird v. Zimmerman Fur Institute, Inc*. (S.D.Ohio 1968), 294 F.Supp. 202.

"The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law. 'The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment.' *Harless v. Willis Day Warehousing Co*. (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, citing *Hamlin v. McAlpin Co*. (1964), 175 Ohio St. 517, 519-520, 26 O.O.2d 206, 207, 196 N.E.2d 781, 783-784. Reading the requirement of *Harless*, *supra*, in conjunction with Civ.R. 56 and 7(B)(1), it can readily be seen that the moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C).

"It should be noted that placing the above-mentioned requirements on the moving party does not mean the nonmoving party bears no burden. Requiring that the moving party provide specific reasons and evidence gives rise to a reciprocal burden of specificity for the non-moving party." (Footnote omitted.)

{¶ 20} Recently, in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264, 275, we limited paragraph three of the syllabus of *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, wherein a majority of this court held that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the

burden of production at trial." In *Dresher* at 293, 662 N.E.2d at 274, this court reaffirmed that:

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. *The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.* If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." (Emphasis added in part.)

{¶ 21} The court of appeals in the case at bar indicated that a party seeking summary judgment can satisfy his or her initial burden by merely asserting in his or her motion that the nonmoving party cannot prove an essential element of that party's case. However, the court of appeals clearly misstated the law in this area. As explained in *Mitseff* (and more recently in *Dresher*), bare allegations by the moving party are simply not enough. The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for the motion *and* identifying those portions of the record which support his or her claim. Then, and only then, is the initial burden discharged, requiring the nonmoving party to comply with Civ.R. 56(E).

**{¶ 22}** In conclusion, we find that appellees were not entitled to have summary judgment granted in their favor on any of the claims set forth in appellants' complaint. Appellants were not required to establish that they would have been successful in the underlying civil, criminal, and administrative matters giving rise to the malpractice action. Further, by filing appropriate evidentiary materials in opposition to appellees' motion for summary judgment, it is apparent that appellants effectively raised triable issues of fact not susceptible of summary judgment. Construing the evidence most favorably toward appellants, reasonable minds could differ as to the proximate cause(s) of the various alleged negligent representations and the alleged damages or losses flowing therefrom.

**{¶ 23}** Accordingly, we reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., concur separately.

———————————

**COOK, J., concurring.**

**{¶ 24}** I decline to join in the majority's *dicta* regarding the movant's burden in summary judgment for the reasons expressed in the dissent to the plurality opinion in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 299, 662 N.E.2d 264, 278. A discussion of *Dresher* and the movant's burden is superfluous in this case and was raised as a proposition of law only by *amicus curiae*. The majority acknowledges that appellees supported their motion by relying on evidentiary materials of the type listed in Civ.R. 56(C). Thus, as noted by the court of appeals below, any discussion of the summary judgment standards is properly focused upon whether the *nonmovants* met their burden under Civ.R. 56.

MOYER, C.J., concurs in the foregoing concurring opinion.

_____