I would affirm. I believe the moving party has demonstrated sufficiently by way of Rule 56 material to shift the burden to the nonmoving party, who did not meet her reciprocal burden. The majority seems to be interpreting Dresher as standing for the proposition that a moving party has to produce some Rule 56 material, if it is absent, as proof of a material fact. Neither Dresher nor Celotex go that far. The plurality in Dresher interprets Celotex, saying: "Indeed, there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any affirmative evidence, i.e., affidavits or similar materials produced by the movant." Dresher v. Burt (1996),75 Ohio St.3d 280, 292. (Emphasis sic.) The Vahila dicta did not specifically reject this proposition of law. The Court in Vahila, relying on Dresher, called only for a demonstration by reference to Rule 56 materials; in other words, "identifying those portions of the record which support [the moving party's motion]." Vahila v. Hall (1997),77 Ohio St.3d 421, 430. Invariably, what it takes for a moving party to meet its burden will depend on the facts, circumstances, and arguments in each particular case. See, generally, Kulch v. Structural Fibers, Inc.
(1997), 78 Ohio St.3d 134.
Here, the moving party demonstrated to this Court a specific necessary element of the complaint that was not supported by way of affidavit or deposition of the nonmoving party. If the moving party had to support its demonstration by way of positive Rule 56 material, the moving party would be forced to prove a negative in contravention of Dresher and its progeny.
This Court has declared, quoting Celotex, that summary judgment is not a "disfavorable shortcut, by rather * * * designed `to secure the just, speedy, and inexpensive determination of every action.'" Wilmar Corp.,supra, at 5. We have also pronounced, citing Celotex, that "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, [and] we think it should be interpreted in a way that allows it to accomplish this purpose." SeeLabate v. National City Corp. (July 31, 1996), Summit App. No. 17536, unreported, at 6. See, also, Wilmar Corp. v. Akron Tire Supply Inc.
(Jan. 29, 1997), Summit App. No. 17861, unreported, at 10.
The majority's decision today is not in accordance with the foregoing principles or Ohio Supreme Court precedent. I believe to extend Dresher
and Vahila to require the moving party to tell the nonmoving party what they forgot, by way of offering undisputed affidavits or otherwise, would be to limit trial strategy and the use of summary judgment. This, in turn, would not be beneficial for judicial economy.
I respectfully dissent.