I respectfully dissent from the majority opinion concerning assignment of error six. To establish a cause of action for legal malpractice, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff,(2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss Vahila v. Hall (1997), 77 Ohio St.3d 421, syllabus.
In the instant case, appellee testified that appellant breached a duty owed to him by failing to properly perform discovery to rebut Hoover's motion for summary judgment in his slander action. The court arrived at the calculation of damages by calculating lost salary and pension benefits, based on appellee's life expectancy, which he lost by reason of his termination from the Hoover Company.
Although in Vahila, supra, the Ohio Supreme Court eliminated a requirement that a plaintiff in a legal malpractice action prove that the underlying suit would have been successful but for the negligent acts or omissions of the attorney, the court recognized that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Id at 427-428. Therefore, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. Id.
at 428.
The instant case presents a situation where I believe appellee should have been required to present some evidence of the merits of the underlying claim. His damage award is calculated based on damages for wrongful termination rather than slander. Further, there is no evidence that appellant's failure to conduct discovery caused appellee to suffer damages in the amount of $600,000. While appellee testified in a general manner that evidence existed somewhere which would have successfully rebutted the summary judgment, appellee does not present any evidence as to what such evidence was, or in what manner it would have rebutted the summary judgment. He has established no nexus between the alleged omission of appellant and his claimed damages.
As the evidence presented in the ex parte trial in the instant case does not demonstrate there was a causal connection between appellant's failure to conduct discovery and appellee's claimed damages in the amount of $609,000, I would sustain the sixth assignment of error, and reverse the judgment.
 ____________________________ JUDGE W. SCOTT GWIN
JUDGMENT ENTRY
CASE NO. 1998CA00259
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
_________________________________
_________________________________
 _________________________________ JUDGES