DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Superintendent Robert Grueser and the Northwestern Local School District,[1] have appealed from an order of the Wayne County Court of Common Pleas that denied their motion for summary judgment in an action brought by appellee Larry Bays. We affirm in part and reverse in part.
 I.
Bays was employed by Northwestern as a custodian from 1989 until 1996. During his employment, Bays received favorable evaluations. In 1996, Northwestern attempted to terminate Bays' employment based upon allegations of misconduct with school children. Bays contested his termination. As a result, Northwestern and Bays entered into a confidential settlement agreement by which Northwestern permitted Bays to resign, and Bays would withdraw his grievances, receive a financial settlement, and his personnel file would be expunged. This agreement was then accepted by the school board at the next board meeting. During this board meeting, Grueser read a prepared press release statement and made several comments to news reporters present at the meeting. The prepared press release and an additional statement of Grueser were published by various news publications. Grueser was quoted as saying that "[t]he goal of the Board of Education has been accomplished. We have gotten rid of a bad employee." As a result of these published statements, Bays brought the instant action against Grueser, in both his individual capacity and as superintendent of Northwestern, and against Northwestern, alleging breach of contract, slander, defamation, and negligent publication.
 On February 9, 1998, appellants moved the trial court for summary judgment. The trial court denied the motion on April 8, 1998, upon finding that material questions of fact existed pertaining to the merits of Bays' claims. Appellants have appealed the denial of their summary judgment motion.
 II.
As an initial matter, we must begin by noting that although denials of motions for summary judgment are usually not final appealable orders, appellants have attempted to appeal the denial herein pursuant to R.C. 2501.02 and 2744.02(C). R.C. 2501.02
provides that
 the court [of appeals] shall have jurisdiction upon an appeal upon questions of law to review * * * judgments or final orders of courts of record inferior to the court of appeals * * * including an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or another provision of the Revised Code[.]
 R.C. 2744.02(C) similarly provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order."
However, this Court has previously held that a decision dealing solely "with the fact-related legal issues that underlie [a] plaintiff's claim on the merits" is not a final appealable order within the meaning of R.C. 2501.02 and 2744.02(C). Brown v.Akron Bd. of Edn. (Aug. 12, 1998), Summit App. No. 18808, unreported at 10; see, also, Carey v. Bosch (Jan. 27, 1999), Summit App. No. 19102, unreported. In the instant case, we conclude that appellants were immune from the alleged intentional torts and that the alleged statement by Grueser does not amount to negligent conduct as a matter of law. Accordingly, the trial court's denial of the motion for summary judgment denied appellants their immunity pursuant to R.C. Chapter 2744 and, as such, is a final appealable order. Pursuant to this appeal, appellants have presented eight assignments of error for our review.[2]
 III. First Assignment of Error The trial court erred in determining that [Grueser] is not entitled to be immune from personal liability as a result of the application of R.C. 2744.03(6) [sic].
Grueser first contends that Bays failed to present any evidence to establish that he was not immune from personal liability pursuant to R.C. 2744.03(A) (6). We agree.
When an appellate court reviews a trial court's judgment pertaining to a motion for summary judgment, it must apply the same standard as implemented by the trial court. Accordingly, inFeeney v. Eshack (Aug. 19, 1998), Summit App. Nos. 18464, 18473, and 18573, unreported, this Court held:
 Pursuant to Civ.R. 56(C), summary judgment should be granted where no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and in viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to that party.
Id. at 3-4. In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Ohio Supreme Court set out the obligations of the moving and nonmoving parties as they pertain to a motion for summary judgment under Civ.R. 56. As the court stated in Vahila:
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."
(Alteration in original; emphasis omitted.) Id. at 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Based upon the ruling in Vahila, in the case at bar, appellants bore the initial responsibility of informing the trial court of the basis for their motion for summary judgment, and identifying those portions of the record that support their claim. Only then would the initial burden have been discharged, thereby requiring Bays to comply with Civ.R. 56(E). We find that appellants met their responsibility pursuant to the mandates set forth in Vahila. We further conclude that Bays failed to meet his reciprocal burden of specifically pointing to evidence of the type listed in Civ.R. 56(E) that affirmatively demonstrated that there exist genuine issues of material fact for trial regarding Grueser's personal liability.
R.C. 2744.02(A) (1) generally insulates political subdivisions from liability "allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." This immunity is limited by R.C. 2744.02(B) which sets forth the circumstances under which a political subdivision may be held liable for acts or omissions in connection with its governmental or proprietary functions. Employees of the political subdivision are also generally immune from personal liability. However, R.C.2744.03(A) (6) sets forth the circumstances under which an employee may be held personally liable. R.C. 2744.03(A) (6) provides in part:
 [T]he employee is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;
 (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code.
In his response to appellants' motion for summary judgment, Bays failed to point to any evidence in the record that would support the conclusion that Grueser was personally liable pursuant to R.C.2744.03(A) (6). Bays simply asserts that the immunities provided by R.C. Chapter 2744 "are inapplicable to Appellant Grueser since he is also sued in his individual capacity." He makes no attempt to point to evidence in the record which demonstrates that Grueser was acting manifestly outside the scope of his employment, that he was acting maliciously, or that personal liability was expressly imposed pursuant to a provision of the Revised Code. As such, Bays' bare assertion that Grueser is not personally immune because he was sued in both his professional and personal capacity is simply insufficient to meet the burden under Civ.R. 56. Accordingly, the first assignment of error is sustained.
 Second Assignment of Error The trial court erred in its determination that R.C. 2744 [sic] does not prohibit intentional tort suits against a political subdivision.
Appellants next contend that they were immune from liability for the alleged intentional torts of defamation and slander. We conclude that appellants were immune from liability for Bays' claims of defamation, slander, and negligent publication because R.C. 2744.02(B) imposes liability upon a political subdivision only for negligent conduct and because Grueser's conduct does not amount to negligent publication as a matter of law.
This Court has previously held that the operation of a public school is a governmental function. Ellithorp v. Barberton CitySchool Dist. Bd. of Edn. (July 9, 1997), Summit App. No. 18029, unreported at 4. Thus, the school board is immune from liability except as provided in R.C. 2744.02(B) (1), (3), (4), and (5). In the instant case, the alleged conduct of Northwestern did not involve the operation of a motor vehicle, nor was this a situation where liability was expressly imposed upon Northwestern by statute. Therefore, R.C. 2744.02(B) (1) and (5) do not apply. R.C. 2744.02(B) (3) is also inapplicable because Bays is not claiming he was injured due to a failure to maintain the roadways. Bays' claims lie solely on the contention that appellants' conduct occurred on school property, thereby liability is imposed upon appellants for their alleged tortious conduct pursuant to R.C.2744.02(B) (4), which states in part that
 political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function[.]
"[R.C.] 2744.02(B) (4), by its explicit terms, exempts only negligent acts from the blanket cloak of immunity found in Section2744.02(A) (1) for `any act.'" Ellithorp, supra, at 5. R.C.2744.02(B) (4) refers to negligent acts, not reckless or intentional ones. As this Court held in Ellithorp, supra, at 6, "this section's explicit reference to negligent acts implies that all other acts are excluded from its immunity exception." Accordingly, we concluded "that an intentional tort committed by an employer against an employee is not included within the exception to immunity set forth in Section 2744.02(B) (4) of the Ohio Revised Code." Id. Based upon our decision in Ellithorp, appellants are immune from liability for Bays' intentional tort claims.
Finally, we consider whether appellants are immune from liability for Bays' claim of negligent publication. In order to prevail on this claim, Bays would have the burden of establishing by clear and convincing evidence that the statement at issue was false and that appellants were at least negligent in publishing that statement. Dale v. Ohio Civ. Serv. Emp. Assn. (1991),57 Ohio St.3d 112, 114, citing Lansdowne v. Beacon Journal Pub. Co.
(1987), 32 Ohio St.3d 176, 178-81. Negligent conduct is that which creates an unreasonable risk of harm. "Insofar as the truth or falsity of the defamatory statement is concerned, the question of negligence has sometimes been expressed in terms of the defendant's state of mind by asking whether he had reasonable grounds for believing that the communication was true." 3 Restatement of the Law 2d, Torts (1977) 227, Section 580(B), Comment g. Applying this principle to the facts in the instant case, Grueser had reasonable grounds to believe that the statement he made during the board meeting was true, and therefore, the statement was not negligently made as a matter of law.
The basis of Bays' claim lies in the statement, "[t]he goal of the Board of Education has been accomplished. We have gotten rid of a bad employee[,]" which Grueser allegedly made during the board meeting. The evidence indicates in this case that Grueser had reasonable grounds to believe that Bays was a "bad employee." The record reflects that on several occasions Bays secretly intercepted Grueser's telephone conversations by use of an electronic device, that he had made numerous unsupported allegations that Grueser had sexually harassed current and former employees, and that Grueser had permitted alcohol to be brought onto and consumed on school grounds. Bays' wife distributed a letter throughout the community alleging that Grueser had permitted alcohol on school premises, and that he lowered the grade requirement for qualification for the National Honor Society so his son could become a member. The relationship between Grueser and Bays continued to deteriorate upon Bays being discovered sleeping at his desk, his taking a student's lost video game home, his inability to properly follow the chain of command (as demonstrated by his refusal to acknowledge Grueser as his supervisor), and the allegations which formed the basis of his dismissal regarding improper conduct with school children. Bays went so far in his campaign against Grueser as to go to Grueser's former employer, Sidney High School, and falsely pose as a member of the Ohio Education Association who was investigating a complaint of sexual harassment against Grueser. Based upon these facts, Grueser had reasonable grounds to believe that by coming to an agreement with Bays which resulted in the termination of his employment, the school had in fact "gotten rid of a bad employee." As such, Grueser's alleged statement at the board meeting did not amount to negligent conduct as a matter of law. Thus, the trial court erred by denying appellants' motion for summary judgment because Bays failed to point to any evidence in the record that established that appellants alleged conduct falls within any of the exceptions to immunity set forth by R.C. 2744.02(B).
R.C. 2744.02(B) imposes liability upon a political subdivision only for alleged negligent conduct. Because appellants' conduct does not amount to negligence, they are immune from liability pursuant to R.C. 2744.02(A). Furthermore, a political subdivision is not liable for alleged intentional torts. See Ellithorp, supra. As appellants are immune from liability for all of Bays' tort claims pursuant to R.C. 2744.02(A), the trial court erred by denying their motion for summary judgment. Appellants' second assignment of error is sustained.
 Seventh Assignment of Error The trial court erred in its determination that [appellants] breached the confidentiality agreement.
Appellants next contend that the trial court erred by denying their motion for summary judgment on Bays' breach of contract claim. Specifically, appellants argue that the portion of the Confidential Settlement Agreement that purports to maintain the confidentiality of the agreement is unenforceable. Their argument is not well taken.
Bays' claim for breach of contract is based upon Grueser's alleged statement at the board meeting that the school had "gotten rid of a bad employee." Bays alleges that this statement was beyond the scope, and therefore a breach of, the settlement agreement. Appellants contend that the settlement agreement was a public document and, as such, could not be withheld from public review pursuant to R.C. 149.43. However, appellants misconstrue the nature of Bays' claim. Bays' complaint does not aver that the settlement agreement itself had to be kept confidential. Rather, he alleges that the comment made by Grueser at the board meeting was outside the scope of the settlement agreement itself. In viewing the evidence in a light most favorable to Bays, we concludes that appellants failed to meet their burden pursuant toVahila.
Appellants fail to present any evidence which establishes that there exists no genuine issue of fact pertaining to Bays' breach of contract claim. Instead, appellants assert that, pursuant to R.C. 149.43, the settlement agreement is a public record subject to disclosure. Although this may be an accurate statement of the law, Bays' breach of contract claim is not based upon appellants' disclosure of the settlement agreement. His claim avers that Grueser's comment at the board meeting was beyond the scope of permissible statements pursuant to the settlement agreement. Because appellants have failed to specifically point to evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that Bays has no evidence to support his claim, summary judgment was properly denied. Appellants' seventh assignment of error is overruled.
 IV. Appellants' first and second assignments of error are sustained. Their seventh assignment of error is overruled. Based upon our disposition of appellants' first, second, and seventh assignments of error, their remaining assignments of error are moot and need not be further considered. See App.R. 12(A) (1) (c). The judgment of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs equally taxed to both parties.
Exceptions.
 _________________________ WILLIAM G. BATCHELDER
 FOR THE COURT
SLABY, P. J.
WHITMORE, J.
CONCUR
[1] Throughout this opinion, when referred to individually, we will refer to Robert Grueser as "Grueser" and Northwestern Local School District as "Northwestern." Both parties collectively will be referred to as "appellants."
[2] Appellants' assignments of error have been rearranged for ease of discussion.