DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Laura Andras, appeals the order of the Lorain County Court of Common Pleas that granted summary judgment in favor of Plaintiff-appellee, Premierbank and Trust Co., on a claim to recover the balance owed on a debt following repossession and sale. We reverse.
In 1993, Ms. Andras and her former husband, Donald Andras (collectively, "the borrowers"), purchased a 1971 Sea Raider Double Cabin Cruiser. The purchase was facilitated by a loan from Premierbank Trust Company ("the bank"), and a promissory note in the amount of $24,070.00 was executed by the borrowers. The boat was secured as collateral on the loan. The borrowers' marriage ended in divorce on February 12, 1997. Pursuant to paragraph seventeen of the separation agreement, as incorporated into the divorce decree:
 [Mr. Andras] has in his possession a 36 foot Trojan tri-cabin boat * * * which is titled in the joint names of the parties. [Ms. Andras] agrees to transfer her right, title, and interest in and to the Boat to [Mr. Andras] and [he] agrees to make all payments on the boat to PremierBank Trust Company as and when due. The monthly payments are $332.84. [He] agrees to and shall indemnify [Ms. Andras] and hold her harmless from and against any and all liability whatsoever in relation to the Boat including, without limitation, all obligations to PremierBank Trust on the Boat
In 1996, Mr. Andras defaulted on the loan. As of November 6, 1996, the outstanding loan balance was $20,107.03, with interest calculated at an annual rate of 10.99 percent. Mr. Andras voluntarily surrendered possession of the boat on November 18, 1996. On March 25, 1997, the Bank filed a complaint for judgment on the outstanding indebtedness naming the borrowers as defendants. Ms. Andras filed a cross-claim against Mr. Andras seeking full indemnification in the amount of any judgment entered against her in the action, pursuant to the divorce decree. The boat was sold on May 21, 1997, for $6,200. The Bank amended the complaint on August 5, 1997, to demand a judgment of $13,907.03 plus interest, the amount of the deficiency remaining after the sale.
The Bank moved for summary judgment against Ms. Andras on August 22, 1997, and Ms. Andras responded in opposition. On February 4, 1998, the trial court granted summary judgment, concluding that the bank had rebutted a statutory presumption that the amount of indebtedness was equal to the sale price of the boat. Ms. Andras timely appealed, raising two assignments of error.[1]
ASSIGNMENT OF ERROR I
 There was a genuine issue of material fact in dispute regarding whether [the Bank] overcame the statutory presumption in R.C. 1309.47(B)(2)(D).
In her first assignment of error, Ms. Andras has argued that the trial court incorrectly granted summary judgment in favor of the bank because the bank did not rebut the statutory presumption of value contained in R.C. 1309.47(B)(2)(D) as a matter of law and, consequently, material facts remain in dispute. We agree.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty.Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,267. All facts must be construed in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686-87.
Following default, a secured party may sell the collateral and apply the proceeds toward the outstanding indebtedness, provided that the method, manner, time, place, and terms of the sale are commercially reasonable. R.C. 1309.47(A)(3) and (C). "[R]easonable notification of * * * [sale] shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale." R.C. 1309.47(C). In the event that a secured party recovers less than the amount of indebtedness from a default sale, the debtor is liable for the deficiency. R.C. 1309.47(B)(2). If, however, the secured party did not comply with the requirements of R.C. 1309.47(C), including the provision of proper notice, the value of the collateral is presumed to equal the value of the outstanding debt. R.C. 1309.47(B)(2)(d). In that event:
 The secured party may rebut this presumption by introducing some credible evidence of a lower appropriate value of the collateral. Evidence of the amount of the actual proceeds of the disposition is not, of itself, sufficient to rebut the presumption. * * * If the secured party rebuts the presumption * * *, the appropriate value of the collateral shall be deemed to equal the actual proceeds of the disposition, unless the debtor establishes that a greater amount would have been realized had the secured party complied with the requirements of division (C) * * *, in which case, the greater amount established by the debtor shall be deemed the appropriate value of the collateral. The debtor bears the burden of establishing the amount that would have been realized had the secured party complied with the requirements of division (C) of this section.
R.C. 1309.47(B)(2)(d) and (e).
Ms. Andras did not receive notification of the sale as required by R.C. 1309.47(C). The failure of the Bank to provide notice established a rebuttable presumption that the $6,200.00 proceeds of the sale satisfied the outstanding debt. The Bank moved for summary judgment, and attempted to rebut the presumption of value by supporting the motion with an affidavit from Willie E. Hollins, a representative of the Bank, recalling the efforts made by the Bank to advertise and sell the boat, the number of bids received, and the actual sale price. Mr. Hollins stated that the amount of the deficiency following the sale equaled $13,907.03 plus interest. The bank also attached an appraisal that valued the boat between $10,000 and $11,000.
Ms. Andras supplemented her response to the Bank's motion for summary judgment with her own affidavit, in which she stated, in pertinent part:
 * * * We purchased the boat for $20,000.00 in an arms [sic] length sales transaction and borrowed an additional $4,070.00 from [the Bank] to replace one of the two engines.
 The boat was appraised before [we] bought it at the insistence of [the Bank] and I believe the value was listed as $26,000.00, if the bad engine was repaired.
 We in fact replaced the engine at a cost of approximately $5,000.00 in 1993.
 So far as I know, the boat was in good condition when [Mr. Andras] * * * voluntarily turned the boat in to [the Bank] in November, 1996.
* * *
 It is my opinion, as an owner of the boat, and I therefore aver, that it was worth between $15,000 and $20,000 at the time when it was repossessed by [the Bank].
* * *
 I believe, and therefore aver, that the price obtained for the boat was far less than its actual fair market value.
The Bank has maintained that the statements contained within Ms. Andras's affidavit are inadmissible as a layperson's opinion estimate of value and, therefore, that the trial court could not properly consider whether they demonstrated a genuine issue of fact precluding summary judgment.
Affidavits supporting or opposing a motion for summary judgment must (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) demonstrate the competency of the affiant to testify with respect to the subject matter of the affidavit. Civ.R. 56(E). Lay opinion as to the value of property is not generally permissible. Tokles Son,Inc. v. Midwestern Indemnity Co., Inc. (1992), 65 Ohio St.3d 621, paragraph one of the syllabus. Because owners are presumed to be familiar with their own property, they may be permitted to testify with respect to the value of property without being qualified as an expert. Id. at paragraph two of the syllabus. As owner of the boat, therefore, Ms. Andras was qualified to express an opinion with respect to its value.
The party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, quoting Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In this case, the Bank's own supporting materials demonstrated that there is a genuine issue of material fact with respect to the value of the boat. In addition, Ms. Andras estimated the value of the boat to be between $15,000.00 and $20,000.00. Given these circumstances, the trial court erred by granting summary judgment on the Bank's motion. Ms. Andras's first assignment of error is well taken.
ASSIGNMENT OF ERROR II
 The trial court further erred in granting summary judgment when there was a genuine issue of material fact in dispute as to whether [the Bank] could have realized more money from the sale of the boat had it provided proper notice to [Ms. Andras] as the law requires.
Ms. Andras's second assignment of error is rendered moot by our disposition of the first and, therefore, it need not be addressed at this time. See App.R. 12(A)(1)(c).
Ms. Andras's first assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J. and BATCHELDER, J. CONCUR
[1] On September 19, 1997, the trial court granted default judgment to the Bank against Mr. Andras. On March 4, 1998, Ms. Andras was granted a default judgment on her cross-claim against Mr. Andras. Accordingly, the trial court entered judgment against Mr. Andras in the full amount of the judgment awarded against her in favor of the Bank. Mr. Andras did not appeal either judgment.