DECISION AND JOURNAL ENTRY
Appellant, Shirley M. Lovell, has appealed from the order of the Lorain County Court of Common Pleas granting summary judgment in favor of Appellee, Buford Hawks.[1] We affirm.
On the evening of March 2, 1997, Appellant went to Appellee's home as a social guest. Upon exiting the house later that evening, Appellant fell while walking down the stairs leading off Appellee's front porch. On April 9, 1998, Appellant filed a complaint against Appellee alleging negligence by him that resulted in her fall and her injuries. On October 7, 1998, Appellee moved for summary judgment. On July 29, 1999, the trial court found that there were no genuine issues of material fact and granted summary judgment in favor of Appellee. Appellant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR
 The trial court erred in granting summary judgment to [Appellee] in that there are genuine issues of material fact with regard to [Appellee's] duty, [Appellee's] breach of duty, and [Appellant's] knowledge of the unreasonably dangerous conditions.
 Appellant has alleged that the trial court erred by granting Appellee summary judgment in this matter as there existed genuine issues of material fact precluding such a judgment as a matter of law. We disagree.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
 State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 267. All facts must be construed in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686.
The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall (1997), 77 Ohio St.3d 421,429, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. In doing so, the moving party must point to evidentiary materials, including "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Dresher75 Ohio St.3d 280, 292-293, quoting Civ.R. 56(C).
Once the moving party has complied with its evidentiary burden, the nonmoving party has a reciprocal burden to comply with Civ.R. 56(E) by producing evidence to demonstrate genuine issues of material fact. Vahila v. Hall, 77 Ohio St.3d at 429. When a motion for summary judgment is supported as required by Civ.R. 56, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Dresher v.Burt, 75 Ohio St.3d at 293, quoting Civ.R. 56(E). See Phares v.Midway Mall Dev. Corp. (Apr. 29, 1998), Lorain App. No. 97CA006814, unreported, at 8-9.
In order to prevail on her claim, Appellant was required to prove (1) that Appellee owed a duty of care to her, (2) that Appellee breached that duty, and (3) that the breach of the duty proximately caused her injury. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565. Appellant was a social guest of Appellee. In Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph three of the syllabus, the Supreme Court of Ohio set forth the duty of care owed to a social guest.
 A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.
 The Supreme Court also held in Scheibel that "[a] host is not an insurer of the safety of a guest while upon the premises of the host and there is no implied warranty on the part of a host that the premises to which a guest is invited by him are in safe condition." Id. at paragraph two of the syllabus. It is well settled that "[a]n owner or occupier of land owes no duty to warn invitees entering the property of an open and obvious danger on its property." Musa v. Musa (Dec. 10, 1996), Franklin App. No. 96APE07-831, unreported, 1996 Ohio App. LEXIS 5594 at *5.
In her complaint, Appellant alleged that she fell when the heel on her shoe caught in one of the cinder blocks used as the bottom stair leading off Appellee's front porch. Appellant has alleged that Appellee breached his duty of care to her by installing the stairs in a defective and negligent manner and by failing to warn her of the dangerous condition of the stairs.
With regard to Appellant's first claim in which she alleges that the stairs were negligently installed and maintained, this claim is without merit. As stated previously, Appellee had no duty to make the premises safe for Appellant and thus even if the stairs were negligently installed or maintained, Appellee did not breach any duty owed to Appellant. Scheibel, supra.
With regard to Appellant's second contention in which she alleges that Appellee failed to warn her of the dangerous condition, Appellant has failed to allege how the defect was concealed or hidden in such a manner that she would not have discovered the defect thus leading to a duty by Appellee to warn. In fact, Appellant admits she was aware of the condition of the stairs. Appellant stated in her deposition that she had been to the Appellee's property several times before the incident in question. She further stated that she had traversed the stairs in question approximately eight times. During previous visits, she had noted that the lowest stair was made of cinder blocks turned sideways with the holes facing upwards. She had further noted that the stairs were unstable or uneven. Furthermore, the fact that the stairs were comprised of cinder blocks turned sideways was open and obvious. Since Appellant had both actual and constructive notice of the condition of the stairs and any danger inherent in them, Appellee had no duty to warn of potential hazards relating to the stairs. Therefore, Appellant failed to indicate any breach of a duty owed to her by Appellee.
Viewing the facts in a light most favorable to Appellant, the nonmoving party, there is not a genuine issue of material fact and Appellee was entitled to judgment as a matter of law. Therefore, the trial court did not err in granting summary judgment in favor of Appellee.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________ LYNN C. SLABY
BAIRD, P.J., CONCURS, CARR, J., DISSENTS, WITH NO OPINION.
[1] Mr. Hawks is referred to in several pleadings and documents as "Burford Hawks." Mr. Hawks testified at the deposition that this is a typographical error and his first name is actually Buford.