OPINION
{¶ 1} Appellant Bill Sontos appeals a judgment of the Muskingum County Common Pleas Court dismissing his complaint sounding in legal malpractice against Appellees Robert Aaron Miller and Riley C. Crandell.
 {¶ 2} While Appellant does not specifically assign error to the trial court's judgment, from his brief we extrapolate the following assignment:
 ASSIGNMENT OF ERROR {¶ 3} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S COMPLAINT FAILED TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED."
 {¶ 4} In its decision of January 17, 2003, the trial court stated "there could not be a basis for legal malpractice" because the Defendant-Appellees did not represent Appellant. The trial court further found no basis in law for Appellant's claim that Appellees gave "false statements of facts."
 {¶ 5} In order to establish a case for legal malpractice, the OhioSupreme Court has held that one must prove three elements: (1) the attorney owed a duty; (2) there was a breach of that duty and the attorney failed to conform to the standard of care required by law; and (3) there was a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997), 77 Ohio St.3d 421.
 {¶ 6} Appellant admits in his brief that Attys. Miller and Crandell did not represent him at the time of the alleged legal malpractice. (Appellant's Brief at 1-2.) Appellee's therefore owed him no duty. Furthermore, Appellant was not in privity of contract with such Appellees. Appellant argues however, that he should be able to take legal action against Appellees based on a violation of DR 1-102(A)(4) Code of Professional Responsibility. A violation of DR 1-102 states that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
 {¶ 7} A violation of the Code of Professional Responsibility is not actionable under a cause of action for legal malpractice.
 {¶ 8} We therefore find Appellant's assignment of error not well-taken and overrule same.
 {¶ 9} The decision of the Muskingum County Court of Common Pleas is affirmed.
By: Boggins, J., Farmer, P.J., and Edwards, J. concur.