{¶ 54} I respectfully dissent.
 {¶ 55} The trial court was correct in holding that "the damages actually caused by the negligence of [Evans and Petersen Ibold] must be limited to the amount that [the Patereks] could be reasonably certain of receiving had [Evans and Petersen 
Ibold] not been negligent." To hold otherwise, would result in a windfall for Patereks simply because they had the misfortune of being the victims of malpractice by attorneys who have deeper pockets than the tortfeasor who harmed Patereks in the first place. Such result is contrary to the purpose of tort law.
 {¶ 56} The majority misapplies the Ohio Supreme Court's "case within a case" analysis in Vahila v. Hall, 77 Ohio St.3d 421,1997-Ohio-259. In Vahila, the Ohio Supreme Court discussed the relationship between "the requirement of causation" and "the merits of the underlying case" in a legal malpractice action. Id. at 428. The court held: "we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim." Id. The viability of the underlying claim is not an issue in present case: the appellees did not contest the viability of the claim against Richardson.
 {¶ 57} At issue herein is to what extent were the Patereks damaged by the failure to refile the claim, or, in other words, what was the value of their claim. The majority mistakenly equates the value of the claim with the extent of the Patereks' injuries. This is contrary to the requirement in Vahila that "a causal connection [exist] between the conduct complained of and the resulting damage or loss." Id. at 427.
 {¶ 58} "It is axiomatic that compensatory damages must be shown with certainty, and damages which are merely speculative will not give rise to recovery." Endicott v. Johrendt (June 22, 2000), 10th Dist. No. 99AP-935, 2000 Ohio App. LEXIS 2697, at *26; accord Nu-Trend Homes, Inc. v. Law Offices of DeLibera,Lyons and Bibbo, 10th Dist. No. 01AP-1137, 2003-Ohio-1633, at ¶ 42. "The evidence must establish a calculable financial loss because of the essential elements of a legal malpractice claim is a causal connection between the conduct complained of and resulting damage or loss." Nu-Trend, 2003-Ohio-1633, at ¶ 42, citing Motz v. Jackson (June 29, 2001), 1st Dist. No. C-990644, 2001 Ohio App. LEXIS 2896, at *14.
 {¶ 59} In the present case, the parties stipulated that Richardson had neither personal assets nor the earning capacity to satisfy a judgment in excess of Richardson's $100,000 in liability coverage. Accordingly, appellees' negligence in failing to refile suit against Richardson did not result in damages in excess of $100,000. This amount represents the "actual loss," the most that the Patereks could have recovered if Petersen Ibold had refiled the suit.
 {¶ 60} To allow damages beyond $100,000, as the majority's decision mandates, is improper because it awards the Patereks damages beyond those for which Peterson and Ibold may be held responsible. Therefore, the trial court ruled correctly in this case. The Patereks' first assignment of error is without merit.
 {¶ 61} I agree with the majority's analysis that appellant's second assignment of error is a request for additional relief if the trial court is reversed. Since the trial court's decision should be affirmed, appellant's second assignment of error should be overruled.
 {¶ 62} For the reasons stated, the decision of the Geauga County Court of Common Pleas should be affirmed.