OPINION
Plaintiff-appellant Alpha Louise Evans appeals the September 14, 1998 Judgment Entry of the Coshocton County Court of Common Pleas which granted summary judgment against her. Defendant-appellee is Ferris Auto Center.
 STATEMENT OF THE CASE AND FACTS
On April 24, 1994, a windy Sunday afternoon, appellant went to appellee's car dealership to shop for and examine automobiles parked on the lot. Appellant spotted a white car she wanted to examine more closely, and started walking toward it. In order to get to the car, appellant walked under a tent which was erected over some portion of appellee's sidewalk. As appellant stepped under the tent, a strong wind whipped into the tarp of tent, ripping a tent pole from the structure. The tent pole struck appellant, causing her personal injuries. Appellant initially filed suit against appellee on March 3, 1995. However on September 18, 1996, appellant dismissed the action without prejudice pursuant to Civ.R. 41(A) (1). In the first lawsuit, appellant failed to answer or respond to appellee's requests for admissions. Accordingly, certain matters were deemed admitted pursuant to Civ.R. 36(A). On September 16, 1997, appellant refiled her complaint. On July 22, 1998, the trial court granted appellee's Motion to Incorporate Discovery from the original action into the refiled case, including the above-referenced admissions. On July 31, 1998, appellee filed its Motion for Summary Judgment. On September 9, 1998, appellant filed her response. In an October 8, 1998 Judgment Entry, the trial court granted the motion for summary judgment against appellant and in favor of appellee. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 I. THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO THE STATUS OF THE PLAINTIFF-APPELLANT AT THE TIME SHE ENTERED THE PROPERTY OF THE DEFENDANT-APPELLEE ON APRIL 24, 1994.
 II. THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE DEFENDANT-APPELLEE BREACHED THE DUTY IT OWNED TO THE PLAINTIFF-APPELLANT AT THE TIME SHE ENTERED THE PROPERTY OF THE DEFENDANT-APPELLEE ON APRIL 24, 1994.
 I
In her first assignment of error, appellant maintains the trial court erred in granting the motion for summary judgment because a genuine issue of material fact exists as to the status of appellant at the time she entered the property of the appellee. We reverse the trial court's decision because we find appellee failed to meet its burden under Dresher v. Burt (1996), 75 Ohio St.3d 280. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. Rather, the moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher, supra. It is based upon this standard we review appellant's assignment of error. In order to prove a claim in negligence, a plaintiff must show duty, a breach of that duty, causation and damages. In appellee's brief in support of its motion for summary judgment, appellee argued appellant could not prove breach of duty. However, before any determination of breach, the appropriate duty must be established. Because this is a premises liability case, appellant's status on the property must be determined. Ohio adheres to the common-law classifications of invitee, licensee, and trespasser in cases of premises liability. Shump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417. The status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) continues to define the scope of the legal duty that the landowner owes the entrant. Id. at 417. Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner. Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph one of the syllabus. The status of an invitee is not absolute but is limited by the landowner's invitation. * * * [T]he visitor has the status of an invitee only while he is on the part of the land to which his invitation extends — or in other words, the part of the land upon which the possessor gives him reason to believe that his presence is desired for the purpose for which he has come.
" * * * If the invitee goes outside of the area of his invitation, he becomes a trespasser or a licensee, depending upon whether he goes there without the consent of the possessor, or with such consent.
Gladon v. Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315, citing Restatement of the Law 2d, Torts (1965) 181-182, Section 332, Comment l. Appellee's brief concluded appellant could only be a trespasser, but further asserted even if the trial court found appellant to be a licensee, it would still be impossible for appellee to have breached its duty of care. ("Given plaintiff's admission there were no Ferris personnel present on the premises on the day of the incident, it goes without saying that defendant had no knowledge of her presence and therefore owed her no duty.") (Appellee's brief in support of summary judgment at 6). In its motion for summary judgment, appellee noted the following undisputed facts to support its assertion appellant could prove no breach of duty. 1. On the date of the incident at issue in the case, Plaintiff entered the premises of Ferris Auto on a Sunday when it was closed for business.
2. On the date of the incident at issue in this case, the tent on the premises referred to in Plaintiff's Complaint contained no vehicles for observation.
3. On the date of the incident at issue in this case, there were strong winds.
4. There were no Ferris Auto personnel present on the date of this incident prior to or during Plaintiff's alleged injuries. Essentially, appellee argues because it was a Sunday and no personnel were present when appellant came to the appellee's car lot to shop for a new car, appellant was a trespasser. We find none of the above quoted admissions, taken individually or as a whole, can demonstrate an absence of any genuine issue of material fact on the issue of appellant's status. Appellee provided no case or statute designating a status as a matter of law in this circumstance. We believe appellee's "undisputed facts" fail to preclude a finding appellee received a beneficial interest from appellant's presence on the property and therefore fail to preclude a finding appellant was a business invitee. Appellee's open display of cars for sale on its property even when closed for business, allows potential customers the ability to examine appellee's cars. Reasonable minds could well conclude such display provides appellee a beneficial interest. We find appellee failed to meet its burden under Dresher, supra. As the moving party, appellee bore the burden of identifying the portion of the record which would demonstrate an absence of any genuine issue of material fact on the breach of duty issue. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. It the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. * * *
Dresher, supra at 293.
Because appellee failed to point to Civ.R. 56(C) evidence which would demonstrate an absence of any genuine issue of material fact relating to an essential element of appellant's claim, we agree the trial court erred in granting summary judgment.
The judgment of the Coshocton County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with this opinion and the law.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur