DECISION AND JOURNAL ENTRY
Appellant, Tanya Sasala, appeals from an order of the Summit County Court of Common Pleas granting summary judgment to Appellee, Akron Flooring Co., d.b.a. AFC Interiors. We reverse.
On May 22, 1997, Appellant filed a complaint against Appellee alleging sex discrimination due to her pregnancy. The trial court conducted a case management conference on November 3, 1997, during which the court ordered that all discovery be completed by January 1, 1998. On December 18, 1997, Appellant noticed the depositions of seven employees of Appellee set to occur on December 29, 1997. Although Appellee never sought a protective order from the court, neither counsel for Appellee nor any of the employees scheduled to be deposed attended the scheduled deposition. Subsequently, on January 13, 1998, an unsigned journal entry was filed which denied Appellant's motion to compel and/or extend the discovery deadline.[1] Appellee subsequently filed for summary judgment on September 8, 1998. On October 1, 1998, the court granted Appellee's motion for summary judgment concluding that while Appellant established a prima facie case of discrimination, she failed to prove by a preponderance of the evidence that Appellee's reasons for discharge were pretextual. Appellant timely appealed and has raised two assignments of error for review.
 ASSIGNMENT OF ERROR I
The trial court incorrectly granted [Appellee's] motion for summary judgment.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non moving party, that conclusion is adverse to the non moving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty.Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,267. All facts must be construed in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claims." Vahila v. Hall (1997), 77 Ohio St.3d 421,429. In doing so, the moving party must point to evidentiary materials, including "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, quoting Ohio Civ.R. 56(C).
Once the moving party has complied with its evidentiary burden, the non moving party has a reciprocal burden to comply with Civ.R. 56(E) by producing evidence to demonstrate genuine issues of material fact. Vahila v. Hall, 77 Ohio St.3d at 429. When a motion for summary judgment is supported as required by Civ.R. 56, the non moving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Dresher v.Burt, 75 Ohio St.3d at 293, quoting Civ.R. 56(E). See Phares v.Midway Mall Dev. Corp. (Apr. 29, 1998), Lorain App. No. 97CA006814, unreported, at 8-9.
In ruling upon Appellee's motion, the trial court evaluated Appellant's case under the requirements for establishing a claim for sex discrimination. The court held that while Appellant established a prima facie case for sex discrimination, Appellee supplied a nondiscriminatory reason for the discharge and Appellant was unable to prove beyond a preponderance of the evidence that this reason was pretextual. Therefore, since Appellant was unable to prove that the reasons were pretextual, the trial court granted summary judgment to Appellee. In coming to this conclusion, the court discusses the weight given to the affidavit of Appellant which factually controverts the evidence submitted by Appellee in support of their nondiscriminatory reason for Appellant's discharge.
As enunciated above, summary judgment shall not be granted unless the moving party can establish that "reasonable minds can come but to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made[.]" Civ.R. 56(C). Due to the fact that the trial court did not apply this standard but rather weighed the evidence, made determinations of fact, and then applied those conclusions to the applicable law, summary judgment was improperly granted. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II The trial court incorrectly denied [Appellant's] motion to compel and/or extend discovery deadlines.
Pursuant to App.R. 12(A)(1)(c), this court's holding on the first assignment of error renders the Appellants' second assignment of error moot and accordingly, it will not be addressed.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 LYNN C. SLABY FOR THE COURT BAIRD, P.J.
BATCHELDER, J.
CONCUR
[1] While Appellant has alleged that she filed a motion to compel and/or extend the discovery deadline and a reply brief was filed, the transcript of proceedings does not contain any such motion.