DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Jaqueline J. Miller-Wagenknecht, appeals an order of the Summit County Court of Common Pleas that granted summary judgment to the City of Monroe Falls and Bette Lyons, defendants-appellees, on her claims for malicious prosecution, abuse of process, and violations of civil rights. We reverse.
The appellant was the subject of two criminal prosecutions by the City of Monroe Falls for failure to file a city tax return in violation of the Codified Ordinances of Monroe Falls 181.99 for the tax years 1994 and 1995. The charges alleging failure to file a 1994 city income tax return were dismissed prior to trial when the appellant agreed to file a return. The appellant was acquitted on charges of failure to file a 1995 tax return following a jury trial.
On May 17, 1997, the appellant filed a complaint against the City alleging malicious prosecution and violations of civil rights pursuant to Section 1983, Title 42, U.S. Code, and demanding compensatory and punitive damages. The City moved for summary judgment on both claims on August 14, 1998. The appellant filed an amended complaint alleging the additional claim of abuse of process on October 29, 1998. On November 5, 1998, the trial court granted leave to file the amendment and granted the City additional time to respond in support of its motion for summary judgment. The City responded on November 30, 1998. On December 11, 1998, the trial court granted summary judgment to the City on each of the appellant's claims. The appellant timely appealed. She has assigned six errors for review, which are consolidated for ease of disposition.
ASSIGNMENT OF ERROR I
 The trial court erred by failing to recognize genuine material facts in dispute.
ASSIGNMENT OF ERROR II
 The trial court erred by misstating material facts of the case which are contained and supported by the record.
ASSIGNMENT OF ERROR III
 The trial court erred by misstating the controlling law in the case and ignored controlling law which materially affects this instant case.
ASSIGNMENT OF ERROR IV
 The trial court erred by not considering the entire record when rendering a decision for summary judgment.
ASSIGNMENT OF ERROR V
 The trial court erred by failing to examine all evidence and inferences in the light most favorable to the party opposing the motion for summary judgment.
ASSIGNMENT OF ERROR VI
 The Court erred in its misstatement of the controlling law relative to the issue of immunity of municipalities and state officials in a 42 U.S.C. § 1983
action.
In her assignments of error, the appellant has argued that the trial court incorrectly granted summary judgment in favor of the City. Because the City did not support its motion for summary judgment with evidentiary materials demonstrating that there were no material facts in dispute, as contemplated by Civ.R. 56, we agree.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty.Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,267. All facts must be construed in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall (1997), 77 Ohio St.3d 421,429. In doing so, the moving party must point to evidentiary materials, including "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, quoting Ohio Civ.R. 56(C). This court has observed that "a movant's conclusory assertions of no evidence against the nonmovant are insufficient, under * * * Vahila, to support summary judgment in the movant's favor." Myers v. Goodwill Industries of Akron, Inc.
(1997), 122 Ohio App.3d 294, 300.
The City's motion for summary judgment reflects a basic misunderstanding of this principle. Specifically, the motion provided:
 Although a party seeking summary judgment must inform the trial court of the basis of its motion, the movant need not necessarily support his motion with evidentiary materials which directly negate its opponent's claim. * * * Rather, the movant may sometimes meet its burden by pointing out to the trial judge that there is an absence of evidence to support the nonmoving party's case.
(Citations omitted). This is not the law in Ohio. See, generally, Vahila, supra. The appellees attached to their motion (1) a photocopy of a water services contract entered into between the appellant and the City; (2) a resident information sheet filed by the appellant; (3) correspondence between the appellant and Ms. Bette Lyons, tax administrator for the City; (4) a copy of a tax return filed by the appellant and a request for an extension in which to file; and (5) various municipal ordinances. While the appellees referenced these items by implication in arguing that the appellant could not demonstrate a lack of probable cause on her malicious prosecution claim, their arguments relied on conclusory assertions that the appellant could not point to evidence demonstrating the elements of her claims.
The appellees failed to support their motion with appropriate evidentiary materials as required by Civ.R. 56 to demonstrate the lack of a genuine issue of material fact as to each element of the appellant's claims. Consequently, the court erred in granting summary judgment. See Myers v. Goodwill Industries of Akron,Inc., 122 Ohio App. 3d at 300. The appellant's assignments of error are well taken.
The appellant's assignments of error are sustained. The judgment of the trial court is reversed, and this case is remanded to the trial court for proceedings not inconsistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., CARR, J., CONCUR.