DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Perram Electric, Inc., appeals from an order of the Summit County Court of Common Pleas granting summary judgment to Appellees, Robert Jarvis and Cornerstone Electric, Inc. We reverse.
On July 30, 1996, Appellant filed a complaint against Appellees alleging that Robert Jarvis, a former employee of Appellant, improperly misappropriated trade secrets and used them to benefit himself and his corporation, Cornerstone Electric, Inc., to the detriment of Appellant. Specifically, Appellant argued that Jarvis utilized internal unit reports coupled with Appellant's bid philosophy to underbid Perram Electric, Inc. on a highway lighting project. On July 8, 1998, Appellees moved the trial court for summary judgment on the basis that the information sought to be protected did not meet the standards required to classify it as a trade secret. Appellees further alleged that Jarvis used only public information to formulate the bid submitted by Cornerstone Electric and did not reference the internal documents of Appellant. On August 12, 1998, the trial court granted summary judgment. Appellant timely appealed and has raised one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred by granting [Appellees'] motion for summary judgment when there existed a genuine issue of material fact.
Appellant has argued that the trial court improperly granted summary judgment when an issue of material fact existed with reference to whether the proprietary information was in fact a trade secret. We agree.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty.Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,267. All facts must be construed in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall (1997), 77 Ohio St.3d 421,429, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. In doing so, the moving party must point to evidentiary materials, including "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Dresherv. Burt, 75 Ohio St.3d at 293, quoting Ohio Civ.R. 56(C).
Once the moving party has complied with its evidentiary burden, the nonmoving party has a reciprocal burden to comply with Civ.R. 56(E) by producing evidence to demonstrate genuine issues of material fact. Vahila v. Hall, 77 Ohio St.3d at 429, citingDresher v. Burt, 75 Ohio St.3d at 293. When a motion for summary judgment is supported as required by Civ.R. 56, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Dresher v. Burt,75 Ohio St.3d at 293, quoting Civ.R. 56(E). See Phares v. Midway Mall Dev. Corp.
(Apr. 29, 1998), Lorain App. No. 97CA006814, unreported, at 8.
Appellees moved for summary judgment on the basis that the information that Appellant claims was misappropriated does not meet the definition of a trade secret. Pursuant to R.C.1333.61(D) a trade secret is defined as:
 * * * information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:
 (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
 (2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
The Supreme Court of Ohio has held that the determination of whether information qualifies as a trade secret is "a question of fact to be determined by the trier of fact upon the greater weight of the evidence." Fred Siegel Co., L.P.A. v. Arter Hadden
(1999) 85 Ohio St.3d 171, paragraph six of the syllabus, citingValco Cincinnati, Inc. v. N D Machining Serv., Inc. (1986),24 Ohio St.3d 41. Therefore, it is necessary to review the facts of this case to determine whether there were any issues of material fact surrounding the classification of the information as a trade secret under R.C. 1333.61(D).
In support of the motion for summary judgment, Appellees submitted testimony that the information was not kept confidential nor were any steps taken to inform the employees of the proprietary nature of the information. Appellees also alleged that the information was widely disseminated throughout the corporation. Therefore, Appellees alleged that the information was not a trade secret and any use of it was proper.
In response to Appellees' motion, Appellant presented extensive testimony about the unit reports and bid philosophy followed by the company. Appellant testified that this information is very valuable to the corporation in that it is through this information that the corporation tracks the work completed and the costs associated with that work in order to be able to efficiently complete bids for future projects. These reports are also utilized to enhance the productivity of the employees on the current project. Appellants presented evidence that this information is closely guarded and various steps are taken to protect the contents of the reports issued. First, the reports are given only to the crew leaders and senior executives in the company. Second, prior to receiving the reports, all crew leaders are subject to an indoctrination program during which the value and confidentiality of the reports is explained to them. Finally, evidence was presented that the company impresses upon all employees how detrimental it could be if these reports were to find their way into the hands of a competitor.
Construing the evidence in a light most favorable to the nonmoving party, Appellant, there is an issue of material fact as to whether or not steps were taken to protect the secrecy of the information and thereby whether or not the information was protected as a trade secret. Therefore, the trial court improperly granted summary judgment in favor of Appellees.
Appellant's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
LYNN C. SLABY, FOR THE COURT
CARR, J. and WHITMORE, J. CONCUR