DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Bethany Groot (hereafter "Groot"), appeals from an order of the Summit County Court of Common Pleas granting summary judgment to Appellee, The General Electric Co. (hereafter "GE"). We affirm in part, reverse in part, and remand this case to the trial court for further proceedings consistent with this opinion.
On March 14, 1995, Groot allegedly received an electric shock while operating a dielectric testing machine known as the Hypertronics Hipot 880PL. This machine is also referred to as an OC60D. At the time of the alleged incident, GE owned the machine and leased the equipment to Groot's employer, S.D. Meyers, Inc. (hereafter "S.D. Meyers"). The machine was originally manufactured by Hipotronics, Inc (hereafter "Hipotronics").
On January 10, 1997, Groot filed a complaint against GE alleging product liability. Her claims were premised upon theories of strict liability for the shock Groot had allegedly received. On January 22, 1997, Groot amended her complaint adding Hipotronics as a defendant to the action. GE later moved the court for Joinder of S.D. Meyers as a plaintiff. The court granted this motion on April 23, 1997. Following discovery, on December 30, 1997, GE moved the trial court for summary judgment. On February 13, 1998, Groot responded to this motion and filed the deposition testimony of six individuals in support of her response. On March 4, 1998, the trial court granted GE's motion for summary judgment. On April 16, 1999, Groot voluntarily dismissed the remaining outstanding claims against Hipotronics. Groot timely appealed the granting of summary judgment to GE and has raised two assignments of error for review. They will be addressed concurrently for ease of discussion.
ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law in granting summary judgment to Appellee General Electric on Appellant's claim that Appellee is liable based upon Appellee's altering and/or modifying the product and/or as a result of Appellee's failure to properly maintain the product.
ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law in granting summary judgment on Appellant[']s claim that General Electric falsely represented its product.
Groot has argued that the trial court erred by granting GE summary judgment where material issues of fact with regard to her claims of product liability remain in dispute. We agree in part.
Summary judgment is appropriate when:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Because the propriety of a trial court's decision granting summary judgment is a matter of law, our review is de novo. Lorain Cty.Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263,267.
The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Vahila v. Hall (1997), 77 Ohio St.3d 421,429, quoting Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. In doing so, the moving party must point to evidentiary materials, including "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." Dresherv. Burt, 75 Ohio St.3d at 292-293, quoting Ohio Civ.R. 56(C).
Once the moving party has complied with its evidentiary burden, the nonmoving party has a reciprocal burden to comply with Civ.R. 56(E) by producing evidence to demonstrate genuine issues of material fact. Vahila v. Hall, 77 Ohio St.3d at 429. When a motion for summary judgment is supported as required by Civ.R. 56, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Dresher v.Burt, 75 Ohio St.3d at 293, quoting Civ.R. 56(E). See, also,Phares v. Midway Mall Dev. Corp. (Apr. 29, 1998), Lorain App. No. 97CA006814, unreported, at 8-9.
In her first assignment of error, Appellant has argued that the trial court erred when it granted summary judgment to GE on Appellant's claim that GE is liable due to the fact that it altered, modified or failed to properly maintain the product, thereby rendering the product defective. In response, GE has alleged that it never altered or modified the machine that Appellant was operating when she was allegedly injured. Therefore, GE has argued that summary judgment was properly granted.
GE and Appellant have agreed that GE is a supplier as defined in 2307.71(O)(1). Pursuant to R.C. 2307.78(B)(6),
 A supplier of a product is subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code, as if it were the manufacturer of that product, if the manufacturer of that product is or would be subject to liability for compensatory damages based on a product liability claim under sections 2307.71 to 2307.77 of the Revised Code and * * *
 (6)The supplier in question altered, modified, or failed to maintain that product after it came into the possession of, and before it left the possession of, the supplier in question, and the alteration, modification, or failure to maintain that product rendered it defective.
Therefore, in order to establish a claim against GE, Groot must be able to first prove that GE, as a supplier, altered, modified, or failed to maintain the piece of equipment, thereby rendering it defective.
In its motion for summary judgment, GE argued that since it never altered or modified this particular machine, it is entitled to judgment as a matter of law. In response to this allegation, Groot supplied the deposition testimony of former GE employees that established that GE completed all routine repairs and maintenance on their machines. Additionally, one individual testified that parts had been ordered and replaced on this particular machine prior to rental by Groot's employer. Evidence was also submitted that when completing routine maintenance on machines such as the one rented by Groot's employer, the machines would be calibrated by removing the hardware associated with the safety interlock switch, the safety mechanism installed to prevent accidents such as the one Groot allegedly suffered. Therefore, a material issue of fact existed as to whether as a supplier, GE could be held liable under R.C. 2307.71 to 2307.77. As a material issue of fact existed, the granting of summary judgment was improper.
In her second assignment of error, Groot has alleged that summary judgment was improperly granted on her claim that GE falsely represented its product in violation of R.C.2307.78(A)(2). Pursuant to this code section, a supplier is subject to liability based upon a product liability claim if the opposing party can establish by a preponderance of the evidence that:
 The product in question did not conform, when it left the control of the supplier in question, to a representation made by that supplier, and that representation and the failure to conform to it were a proximate cause of harm for which the claimant seeks to recover compensatory damages. A supplier is subject to liability for such a representation and the failure to conform to it even though the supplier did not act fraudulently, recklessly, or negligently in making the representation.
Groot has alleged that GE made representations in its catalogs that the machine she was allegedly injured by was a "world-class product." She has further alleged that the OC60D "was not properly repaired by G.E., was not properly maintained by G.E., and was not safe for its expected and intended use by the S.D. Myers' [sic] employees." However, Groot has failed to provide any evidence to prove that the representations by GE were the proximate cause of her injuries. Therefore, summary judgment was properly granted on this claim.
Groot's first assignment of error is sustained, her second assignment of error is overruled, and the cause is remanded to the trial court.
Judgment affirmed in part, reversed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J., BATCHELDER, J., CONCUR.