JOURNAL ENTRY AND OPINION
David Benna appeals from a decision of the common pleas court granting summary judgment in favor of Jeffrey Slavin in connection with his claim for legal malpractice. Benna urges on appeal the court erroneously determined that Slavin exercised reasonable judgment when he settled Benna's personal injury case. After a careful review the record, we affirm the judgment of the trial court.
The record reveals on June 8, 1996, Benna and his friend, Bill Worona, drove to the Ukranian Youth Camp in Oberlin, Ohio to cut down trees infected with Dutch Elm disease. Afterwards, they had planned to camp there for the remainder of the weekend. After cutting down one tree, Benna decided to swim in the lake. He dove in the lake a couple of times, and then dove head first into shallow water breaking his neck and leaving him paralyzed. Thereafter, Benna retained Slavin to represent him against the Ukranian Youth Camp. However, Slavin perceived that Benna's criminal history and alcohol consumption coupled with the fact that he voluntarily dove into a lake which posed no unnatural hazard and the existence of the Ohio Recreational User statute raised serious liability problems. Slavin did not obtain Benna's medical records, examine the lake or consult with any expert.
Ukrainian's insurance carrier, Scottsdale Insurance Company, made a one-time offer of $100,000.00 to settle the case. Slavin advised Benna that he would file a complaint prior to the expiration of the statute of limitations, but that Benna should accept the offer. Benna then requested that Slavin ask Scottsdale for an additional $25,000.00, which Slavin did, but Scottsdale refused. Benna decided to accept the offer rather than file a complaint and risk a defense verdict at trial, and he signed a release.
Thereafter on March 29, 1999, Benna retained another attorney who filed a complaint against Slavin for legal malpractice claiming that he never examined the scene, conducted discovery, obtained an expert or Benna's medical records and that he failed to file a lawsuit, or forcefully negotiate with Scottsdale and convinced Benna to accept the settlement based on an incorrect interpretation of the Ohio Recreational User statute. The parties conducted discovery taking the depositions of Benna and Slavin. On November 11, 1999, Slavin filed a motion for summary judgment that the court later granted citing that Slavin's actions were an exercise of reasonable judgment. Benna appeals from that decision and raises the following assignment of error:
 THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT TO DEFENDANT BECAUSE THERE WAS SUFFICIENT EVIDENCE IN THE RECORD TO CREATE A GENUINE ISSUE OF FACT AS TO:
 A. WHETHER THE DEFENDANT ATTORNEY COMMITTED MALPRACTICE PER SE;
 B. WHETHER THE DEFENDANT ATTORNEY MADE REASONABLE DECISIONS IN HANDLING THE CASE;
 C. WHETHER THE DEFENDANT ATTORNEY REPRESENTED HIS CLIENT COMPETENTLY; AND
 D. WHETHER THE PLAINTIFF'S DECISION TO SETTLE WAS KNOWING AND VOLUNTARY IN LIGHT OF ATTORNEY'S MISSTATEMENTS.
Benna urges that Slavin did not exercise reasonable judgment when he settled Benna's claim and, therefore, the court erroneously granted summary judgment in Slavin's favor. Slavin maintains the court properly granted judgment in his favor because Benna voluntarily settled his case the settlement of which bars any claim for malpractice and in handling the case, he exercised reasonable legal judgment. Thus, we are concerned whether the court properly granted summary judgment in this instance.
Regarding summary judgment, Civ.R. 56(C) states in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280 stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
We note in Vahila v. Hall (1997), 77 Ohio St.3d 421, the court held:
 * * * to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. * * *
In DePugh v. Sladoje (1996), 111 Ohio App.3d 675, the court stated that:
 [W]here a settlement is entered into as a result of an attorney's exercise of his reasonable judgment in handling a case, the settlement bars a malpractice claim against the attorney. * * * [A] legal malpractice claim is not barred by a settlement with a party in the underlying action where the attorney has acted unreasonably or has committed malpractice per se. * * *.
* * *
 Utilizing this approach, we conclude that missing the statute of limitations amounts to malpractice per se * * *. (Emphasis in original.)
In this case, the record reveals that Slavin spoke with Benna and Worona as to the events leading up to Benna's accident. Benna told Slavin that he consumed alcohol on that day, that he dove into the lake a couple times prior to the accident, that the water where he was injured was shallow, and that there were no signs prohibiting diving there. Slavin advised Benna that he considered the natural condition of the lake, Benna's prior criminal record, his blood alcohol level on the day of the incident and other factors which militated against liability. He expressed those concerns to Benna. Finally, Slavin advised Benna that he would file a claim against the Ukrainian Youth Camp prior to the expiration of the statute of limitations; however, he recommended that Benna accept the settlement rather than risk a defense verdict.
Under these circumstances, we conclude that this case is dissimilar from DePugh in that Slavin did not commit malpractice per se as the attorney in DePugh did by missing a statute of limitations deadline. Rather, Slavin exercised his professional judgment when he advised Benna to accept the settlement. Benna voluntarily settled with Scottsdale. According to DePugh, Benna is now barred from asserting a claim for legal malpractice against Slavin since there was no malpractice per se and the attorney exercised reasonable professional judgment. Thus, the trial court did not err when it granted summary judgment in favor of Slavin, and this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________ NAHRA, J.
DIANE KARPINSKI, P.J., and PATRICIA A. BLACKMON, J., CONCUR