# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 13, 2001 Session

## JOHNIE N. GIBSON v. DOUGLAS TRANT, ET AL.

**Appeal from the Court of Appeals, Middle Section**
**Circuit Court for Knox County**
**No. 3-399-93    Wheeler A. Rosenbalm, Judge**

---

**No. M1999-00390-SC-R11-CV - Filed October 5, 2001**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

The majority has adopted a rule which requires the plaintiff to show that he has been exonerated of the crime in order to maintain a legal malpractice action against an attorney for representation in a criminal proceeding. Applying this rule, the majority holds that Gibson's claim must fail. I am in complete agreement with the conclusion that Gibson's claim must fail, for re-review of an attorney's effectiveness in cases where the malpractice plaintiff has been denied post-conviction relief is needless because the issue has been conclusively determined.

Our point of difference, however, is whether exoneration or collateral estoppel should guard the door. I write separately, then, to express the view that collateral estoppel is a sufficient, appropriate requirement in the resolution of this class of case.

In choosing exoneration, the majority apparently has adopted the sentiment of the California Supreme Court. In Wiley v. County of San Diego, the court reasoned that in the context of legal malpractice on the criminal side, "a defendant's own criminal act remains the ultimate source of his predicament irrespective of counsel's subsequent negligence." 966 P.2d 983, 988 (Cal. 1998).

The majority's position–that a plaintiff should be barred from recovery because he or she shares responsibility for the predicament–seems reminiscent of the antiquated doctrine of contributory negligence that this Court abolished nearly a decade ago. See McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). While not a perfect analogy, the majority rationale, when applied in a medical malpractice context, would deny a patient the right to sue a physician for negligent treatment of a self-inflicted wound. For in both the medical and legal malpractice context, one might say that the patient/client is the "ultimate source" of his or her predicament.

The exoneration requirement was soundly rejected by the Ohio Supreme Court in Vahila v. Hall, 674 N.E.2d 1164, 1168-69 (Ohio 1997). The court held that the plaintiff did not need to prove exoneration in his underlying criminal case as a condition precedent to proceeding against his attorney in a legal malpractice action. Id. at 1171. The court recognized that "stringent standards

of proving 'but for' require the plaintiff to conduct a 'trial within a trial' to show the validity of his underlying claim." Id. at 1169 (quoting Note, The Standard of Proof of Causation in Legal Malpractice Cases, 63 Cornell L. Rev. 666, 670-71 (1978)). The court also recognized that a trial within a trial "may well discourage the few plaintiffs otherwise willing to pursue the slim chance of success." Vahila, 674 N.E.2d at 1169. The court held that a blanket exoneration requirement "would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim." Id. at 1170.

Collateral estoppel is the proper rationale to employ in this case. In determining whether collateral estoppel is appropriate, the Court should consider whether: (1) the issue is identical to the issue decided in the earlier suit; (2) the issue was actually litigated and decided on its merits; (3) the judgment in the earlier suit has become final; (4) the party against whom collateral estoppel is asserted was a party to the earlier suit; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue. Beaty v. McGraw, 15 S.W.3d 819, 824-25 (Tenn. Ct. App. 1998). Collateral estoppel "bars the same parties or their privies from relitigating in a second suit issues that were actually raised and determined in an earlier suit." Id. at 824. As a result, the doctrine prevents a criminal defendant who failed to establish ineffective assistance of counsel from sustaining a civil legal malpractice action against his or her attorney.

The issues that Gibson seeks to bring before the state court are similar to the issues that he litigated in the federal court. Application of the collateral estoppel doctrine would bind Gibson to the federal court's determination that he was effectively assisted by counsel.

Thus, I see no need to reach exoneration because collateral estoppel will provide an effective barrier to oft-frivolous claims. The difference is that while collateral estoppel closes the door, exoneration seals it. And it seals it effectively, even to egregious negligent conduct and the most compelling claim.

For the reason stated above, I respectfully dissent.

_____
ADOLPHO A. BIRCH, JR., JUSTICE