[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The following facts are undisputed.[1] Plaintiff-appellant Stephanie Hillard signed an enrollment contract with defendant-appellee Southern Ohio College ("SOC") in December 1995. She began her classes in January 1996. At that time SOC was accredited by two organizations, the Accrediting Counsel of Independent Colleges and North Central Association of Colleges ("ACICS") and the North Central Association of Colleges and Schools Commission on Institutions of Higher Education ("NCA-CIHE"). In September 1997, SOC voluntarily withdrew its accreditation status with NCA-CIHE, but continued to be accredited by ACICS, an organization recognized by the U.S. Department of Education. According to SOC's president, Danny Finuf, a college needed only to be accredited by one organization recognized by the U.S. Department of Education to be considered an accredited institution.
In October 1997, Hillard received her associate's degree in real-estate management from SOC and began working in that field. In 2000, Hillard applied to the evening college at the University of Cincinnati ("UC") to pursue a bachelor's degree in applied science. To enter all programs at the evening college except the general-studies program, Hillard was required to have a completed degree (such as an associate's degree) or the equivalent of 90 credit hours for the program. In order to enter the general-studies program, Hillard was required to take an additional 40 credits of classes at UC to make up for her what UC considered to be an unacceptable associate's degree. A UC evening-college representative, Joyce McCoy, informed Hillard that her associate's degree and 12 credits earned at SOC after August 31, 1997, could not be transferred to UC due to the fact that SOC had dropped its accreditation with NCA-CIHE. But McCoy testified that 20 courses (or 79 credit hours) taken by Hillard were eligible for transfer to UC.
After discovering that her credits and associate's degree would not transfer to UC, Hillard filed a lawsuit against SOC alleging breach of contract, misrepresentation, breach of trust, and fraud. Subsequently, Hillard filed a motion for partial summary judgment on the issue of liability. Hillard maintained that SOC's failure to keep NCA-CIHE accreditation and its failure to notify its students about the loss of accreditation constituted a breach of a contract that Hillard would be able to transfer all her courses to another college, such as the University of Cincinnati. In response, SOC filed its own summary-judgment motion on all of Hillard's claims, alleging that she had failed to demonstrate a breach of contract, misrepresentation, or fraud. After considering the motions and reviewing the record, the trial court denied Hillard's motion for summary judgment and granted SOC's summary-judgment motion. Hillard appeals from the entry of summary judgment for SOC.
In her sole assignment of error, Hillard alleges that the trial court erred in overruling her motion for partial summary judgment and granting summary judgment to SOC on her breach-of-contract claim. Because Hillard does not individually address the claims relating to misrepresentation, breach of trust, and fraud in her appeal, we consider them to be abandoned and do not address them at this time. For the following reasons, we affirm the judgment of the trial court.
The heart of Hillard's claim is that, at the time she enrolled at SOC, the 1996 school catalog stated that SOC was accredited by NCA-CIHE. Hillard maintains that, because SOC dropped its accreditation with NCA-CIHE without notice, her degree and credits became worthless. Hillard relies on Lemmon v. University of Cincinnati[2] to support her argument that a contract arises between a student and her school when a student enrolls in a college, pays the requisite fees, and attends class. Hillard encourages us to define the terms of the contract by looking at the student handbook and college catalog.[3]
We conduct a de novo review of the entry of summary judgment.[4]
Pursuant to Civ.R. 56, summary judgment is appropriate when, with the evidence viewed in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.[5] The moving party bears the burden of pointing out in the record where it is shown that no genuine issue of material fact remains.[6] Once the moving party satisfies its burden, the nonmoving party has the reciprocal burden of setting forth specific facts demonstrating that a genuine issue exists to be litigated.[7]
We first consider the trial court's decision to grant summary judgment to SOC. Construing the evidence in the light most favorable to Hillard, we presume, for the purposes of this appeal, that a contract existed between Hillard and SOC. Having reviewed the record, we conclude that Hillard has produced no evidence to show that SOC failed to fulfill its contract by withdrawing its accreditation status with NCA-CIHE.
While the 1996 SOC handbook stated that the school was accredited by the ACICS and the NCA-CIHE organizations, the handbook further provided that SOC "reserve[d] the right to make changes in course content, equipment, materials, organization, policy, and curriculum as circumstances dictate without prior notice." Moreover, nothing in the written enrollment agreement stated that credits would automatically transfer and be accepted by another school. Rather, the only reference to accreditation in the enrollment agreement involved the school's accreditation with ACICS there was no reference to accreditation by NCA-CIHE. Additionally, the record demonstrates that an SOC representative did not promise Hillard that other colleges would recognize her degree. While Hillard did testify that she was told that her credits would transfer to other schools by an SOC representative named Kelly, the record establishes that the decision whether to allow a transfer of credits rested within the discretion of the school receiving the new student, not with SOC. Hillard produced no evidence to rebut this fact. As a result, we hold that Hillard failed to demonstrate that genuine issues of material fact remained to be litigated regarding whether SOC had failed to fulfill its contractual obligations to her.
In sum, we hold that SOC was entitled to summary judgment. Having concluded that the trial court did not err in granting summary judgment to SOC, we need not consider whether the trial court properly overruled Hillard's motion for partial summary judgment. The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] We note that copies of the depositions of Danny Finuf and Stephanie Hillard and copies of the accompanying statement of certifications were file-stamped on August 7, 2001, and placed in the record. Because no objections were raised in the trial court or on appeal regarding the introduction of the original deposition testimony of Finuf and Hillard, we conclude that the failure to object to or move to strike the evidence waives any error in considering that evidence on appeal. See generally,Stegawski v. Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78,523 N.E.2d 902, paragraph one of the syllabus.
[2] (2001), 112 Ohio Misc.2d 23, 750 N.E.2d 668.
[3] Perko v. Stark State College of Technology, 5th Dist. No. 1998-CA00181.
[4] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[5] See Temple v. Wean United (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
[6] See Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264.
[7] See id. See, also, Civ.R. 56(E); Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, 674 N.E.2d 1164.