OPINION
{¶ 1} This is an appeal from a January 30, 2003, decision of the trial court granting Defendant-Appellant Cincinnati's Motion for Summary Judgment and denying Plaintiff-Appellant Nationwide Property 
Casualty Insurance Company's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This litigation arises out of an automobile accident which occurred on August 23, 1999, wherein Brenda Magee was injured. The driver of the other vehicle, David Neff, was underinsured.
 {¶ 3} Brenda and Rex Magee settled their claims with the tortfeasor and his insurance company for $12,500.00
 {¶ 4} At the time of the accident, Brenda Magee and her husband Rex Magee were insured under a policy of insurance issued by Nationwide which contained UM/UIM coverage.
 {¶ 5} The Magees settled their underinsurance claims with Nationwide for $25,000.00 pursuant to an Assignment to Nationwide of any rights the Magees may then or in the future have to pursue any other available insurance coverage.
 {¶ 6} On February 22, 2002, Plaintiff-Appellant Nationwide filed a Complaint for Declaratory Judgment against Sky Financial Group and The Cincinnati Insurance Company.
 {¶ 7} In said action, Nationwide sought a determination that Brenda Magee and Rex Magee were entitled to UM/UIM coverage under the Cincinnati policy pursuant to Scott-Pontzer v. Liberty MutualFire Ins. Co. (1999), 85 Ohio St.3d 660, and its progeny.
 {¶ 8} On September 16, 2002, Cincinnati filed a Motion for Summary Judgment.
 {¶ 9} On September 17, 2002, Nationwide filed a Motion for Summary Judgment.
 {¶ 10} On January 30, 2003, the trial court granted Cincinnati's Motion for Summary Judgment and denied Nationwide's Motion for Summary Judgment.
 {¶ 11} The trial court, in its decision, found the Cincinnati Insurance Business Auto Liability policy to be an auto policy subject to R.C. 3937.18. The Court further found the definition of "Who is an Insured" to be identical to the language contained in the Liberty Mutual policy in Scott-Pontzer, supra, thereby finding such to be ambiguous and extending same to include the employees as insureds.
 {¶ 12} It is from this decision Nationwide appeals, assigning the following error for review:
ASSIGNMENT OF ERROR
 {¶ 13} "THE TRIAL COURT ERRED IN RULING THAT THE TERMS "INSURED" AND "NAMED INSURED" ARE SYNONYMOUS FOR PURPOSE OF APPLYING R.C.3937.18(J)(1)."
 {¶ 14} SUMMARY JUDGMENT STANDARD
 {¶ 15} Civ.R. 56(C) states, in pertinent part:
 {¶ 16} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 17} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 18} It is based upon this standard we review appellants' assignments of error.
 I. {¶ 19} Appellant, in its sole assignment of error, claims that the trial court erred in sustaining Appellee's Motion for Summary Judgment. We disagree.
 {¶ 20} Specifically, Appellant asks us to find a distinction between the terms "named insured" and the general term "insured".
 {¶ 21} The trial court found that because Brenda Magee, as an employee, was an "insured" under the definition of WHO IS AN INSURED contained in the Cincinnati policy pursuant to Scott-Pontzer, supra, she was also a "named insured" and was therefore subject to the policy provisions requiring that for UM/UIM coverage to apply, any motor vehicle being operated by the named insured must be specifically identified in the Cincinnati policy.
 {¶ 22} This Court has previously been presented with the issue of finding a distinction between the named insured and the general term "insured" and has held that the word "you" must be applied consistently to all parts of the insurance policy. If "you" is found to include employees as well as the corporation, then "you" includes employees throughout the contract. See Bergmeyer v. Auto Owners Ins. Co. (Jan. 13, 2003), Stark App. No. 2002CA00228, 2003-Ohio-133, Miller v. Grange MutualIns. Co. (Oct. 21, 2002), Stark App. No. 2002CA00058, 2002-Ohio-5763,United Ohio Co. v. Bird (May 18, 2001), Delaware App. No. 00CA31.
 {¶ 23} Based on the foregoing, we find that the trial court did not err in finding that he "other owned vehicle exclusion" excluding uninsured motorist (UM) coverage while operating or occupying a vehicle owned by a named insured, and not specifically identified in the policy, applied to employee's claim for UM benefits under the corporate employer's policy while the employee was operating her own vehicle.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} The decision of the Stark County Court of Common Pleas is affirmed.
By: Boggins, J., Farmer, P.J. and Wise, J. concur.