OPINION (NUNC PRO TUNC)
{¶ 1} Appellants Delicom Sweet Goods of Ohio, Inc. and John Sanford (hereinafter referred to as "Delicom") appeal the decision of the Perry County Court of Common Pleas that granted Appellee Mt. Perry Foods, Inc.'s motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} Appellant John Sanford was the president and sole shareholder of Delicom, a company that processed raw food products, purchased from Kroger. Delicom processed the raw food products into finished products and sold them to Kroger. Over time, Delicom came to owe a substantial balance to Kroger for the raw food products it purchased from Kroger. As a result, Kroger began subtracting the cost of the raw goods from the amount it paid Delicom for the finished product.
 {¶ 3} By March 2000, Delicom owed Kroger in excess of $500,000, which it could not pay. In consideration for the execution of a forbearance agreement, Kroger allowed Sanford to execute a cognovit promissory note and security agreement. Kroger agreed to continue doing business, with Delicom, on the conditions that Delicom pay fifty percent of its monthly income to Kroger and remit fixed monthly payments to the IRS and State of Ohio to reduce its fund liabilities until all such debts were paid in full. {¶ 4} In April 2000, Martin Management Services was hired to oversee Delicom's finances and operations. At that time, Delicom owed its creditors approximately $1 million. Reginald Martin explained to Delicom that it would not survive its current financial condition and offered to purchase Delicom's assets. Appellant Sanford agreed to sell Delicom's assets, which Appellant Sanford valued at $150,000. In return, Martin formed Mt. Perry and agreed to assume the Kroger debt and pay the outstanding federal and state trust fund liabilities.
 {¶ 5} However, at the last minute, Appellant Sanford refused to sign the Purchase Agreement memorializing the deal. Appellant Sanford agreed to sign the Purchase Agreement only if Mt. Perry paid him as a consultant and employee. In reliance upon Appellant Sanford's representation that he would perform brokerage and consulting services and bring new business to Mt. Perry, Martin agreed to execute a Consulting Agreement and Employment Agreement.
 {¶ 6} Following the execution of the agreements, it is alleged that Appellant Sanford provided no brokerage or consulting services. Further, Appellant Sanford did not send Mt. Perry any new business. As a result of Appellant Sanford's failure to perform under the agreements, Mt. Perry stopped paying him. At that point, Mt. Perry had paid Appellant Sanford $19,500 in salary and his health insurance premiums for several months.
 {¶ 7} Thereafter, on March 19, 2003, Delicom filed suit against Mt. Perry. Delicom alleged Mt. Perry breached the Employment Agreement and Consulting Agreement. Delicom also alleged Mt. Perry was unjustly enriched as a result of its failure to adequately pay for Delicom. Mt. Perry asserted a counterclaim against Appellant Sanford for breach of the Consulting Agreement. On January 12, 2004, Mt. Perry filed a motion for summary judgment. On February 2, 2004, the trial court granted Mt. Perry's motion for summary judgment.
 {¶ 8} Delicom timely filed a notice of appeal and sets forth the following assignment of error:
 {¶ 9} "I. The trial court erred in granting defendant's motion for summary judgment because there are genuine issues of material fact which preclude summary judgment."
 "Summary Judgment Standard" {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 11} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, (1996), 75 Ohio St.3d 280.
 {¶ 13} It is based upon this standard that we review Delicom's assignment of error.
 I {¶ 14} In its sole assignment of error, Delicom contends the trial court erred when it granted Mt. Perry's motion for summary judgment because genuine issues of material fact remained to be litigated. We agree, in part.
 {¶ 15} Delicom maintains a genuine issue exists as to whether the executed contracts between the parties are enforceable. In its judgment entry, the trial court did not provide its reasons for granting Mt. Perry's motion for summary judgment. However, Delicom specifically cites three issues that it claims are material facts that remain to be litigated. First, Delicom contends an issue of material fact exists as to whether Appellant Sanford breached the Employment Agreement. Paragraph 2(B) of the Employment Agreement provides that:
 {¶ 16} "The Employer shall pay the Employee $7,200.00 per year as a salary, however, all of said salary shall go towards the payment of a policy of medical insurance for the Employee and his family, which must be paid in full each month."
 {¶ 17} In support of its motion for summary judgment, Mt. Perry argued Appellant Sanford performed no brokerage or consulting services and therefore, was in breach of the Employment Agreement. Appellant Sanford maintains he did perform brokerage services and made attempts to bring new business to Mt. Perry.
 {¶ 18} Appellant Sanford cites his deposition testimony wherein he testified that he met with Circle D Foods, a company in Birmingham Alabama, to discuss the frozen vegetable program. Depo. John Sanford at 49. Appellant Sanford also testified that he made numerous phone calls with other retailers around the country. Id. Thus, Appellant Sanford concludes that Mt. Perry is in breach of the Employment Agreement because it did not pay him according to the terms of the agreement.
 {¶ 19} We conclude the trial court properly granted summary judgment on the issue of whether Mt. Perry breached the Employment Agreement. Although Appellant Sanford testified about his efforts to obtain new business for Mt. Perry, the evidence contradicts his testimony. Appellant Sanford's business diaries from the years 2000 through 2002 do not substantiate any of the efforts claimed in his deposition.
 {¶ 20} Further, Appellant Sanford presented no documentation of expense reports. The Employment Agreement provides that:
 {¶ 21} "The Employer shall pay the reasonable and necessary business expenses (i.e., gasoline and telephone), incurred by the Employee in the ordinary course of performing his duties on behalf of the Employer, but not to exceed Three Hundred Dollars ($300.00) per month. Employee shall provide Employer with the receipts for all expenses and shall obtain pre-approval for any other travel related expenses."
 {¶ 22} This lack of evidence concerning expense reports establishes that Appellant Sanford did not incur any expenses in an attempt to broker business for Mt. Perry. Instead, it appears that Appellant Sanford concentrated his efforts on brokering business for his own business, Foresite Foods. The lack of documentary evidence, such as diary entries or expense reports, supports the conclusion that Mt. Perry properly terminated Appellant Sanford, for cause, based upon Appellant Sanford's failure to perform his obligations under the Consulting and Employment Agreements. Therefore, the trial court properly granted summary judgment on Delicom's breach of contract claim.
 {¶ 23} Second, Delicom maintains an issue of material fact exists as to whether Appellant Sanford breached the Consulting Agreement. The Consulting Agreement provides:
 {¶ 24} "1. Provision of Services. Consultant shall perform brokerage and consulting services for Mt. Perry as may be requested from time to time by Mt. Perry. Nothing in this Agreement shall in any way be construed to constitute an employeremployee relationship between the Consultant and Mt. Perry or to be construed to imply a joint venture or principal and agent relationship between the parties. Consultant agrees to furnish all equipment and materials necessary to accomplish the consulting services and shall incur all expenses associated with performance of services, except as expressly provided for herein."
 {¶ 25} Appellant Sanford contends the trial court must determine whether he ever refused to perform consulting services requested by Mt. Perry. Although Mt. Perry claims Appellant Sanford breached his duties under the Consulting Agreement, Mt. Perry presented no evidence to support this allegation. Pursuant to the terms of the Consulting Agreement, Appellant Sanford was required to provide brokerage and consulting services when requested to do so by Mt. Perry. Mt. Perry did not present any evidence to support its claim that it requested consulting services which Appellant Sanford refused to perform. As such, we conclude a genuine issue of material fact exists as to whether Appellant Sanford breached the Consulting Agreement.
 {¶ 26} Finally, Delicom claims an issue of material fact exists as to whether Appellant Sanford has a right to repurchase a portion of Mt. Perry due to a breach of the Consulting Agreement. This portion of the Consulting Agreement provides:
 {¶ 27} "D. Option to Buy. In the event Mt. Perry decides to permanently stop doing business, it shall provide the Consultant with seven (7) days notice of same and give the Consultant the option to purchase the business for the sum of One Dollar ($1.00). In addition, the Consultant shall have the option to buy for the sum of One Dollar ($1.00) fifty percent (50%) of the shares of Mt. Perry, in the event of either of the two occurrences below:
 {¶ 28} "i. any time in which Mt. Perry is in default of its weekly retainer obligations in the amount of $20,000.00 or its tax trust fund obligations of Consultant which are the obligation of Mt. Perry pursuant to the Asset Purchase Agreement between Delicom Sweet Goods of Ohio, Inc. and Mt. Perry Foods, Inc., dated July 3, 2000, in the amount of $5,000.00; or
 {¶ 29} "ii in the event there has been no defaults, two years from the date of the execution of this Agreement."
 {¶ 30} Since we have determined that an issue of material fact exists as to whether Mt. Perry breached the Consulting Agreement, we also find an issue of material fact exists as to whether Appellant Sanford has a right to repurchase a portion of Mt. Perry pursuant to the consulting agreement.
 {¶ 31} Finally, Delicom does not specifically argue its unjust enrichment claim on appeal. However, we conclude the trial court properly granted Mt. Perry's motion for summary judgment as to Delicom's unjust enrichment claim because "[u]njust enrichment operates in the absence of an express contract." Cozmyk v. Hoy (June 30, 1997), Franklin App. No. 96APE10-1380, at 8, citing Hummel v. Hummel (1938), 133 Ohio St. 520-525-528. Since express contracts exist, the trial court properly granted summary judgment as to the claim for unjust enrichment.
 {¶ 32} The trial court did not specifically mention Mt. Perry's counterclaims in the judgment entry granting its motion for summary judgment. However, the judgment entry did state that its decision was upon Mt. Perry's motion for summary judgment, which sought summary judgment as to all of Delicom's claims and Mt. Perry's counterclaims. Thus, by granting the motion for summary judgment, the trial court ruled upon both the claims and counterclaims.
 {¶ 33} Having also ruled on the counterclaims, we conclude the trial court erred when it granted summary judgment on Mt. Perry's counterclaim for beach of the Consulting Agreement. We vacate the granting of Mt. Perry's motion for summary judgment on Mt. Perry's counterclaim, for declaratory judgment, pertaining to whether Appellant Sanford breached the Consulting Agreement. An issue of material fact exists as to whether the Consulting Agreement remains valid and enforceable.
 {¶ 34} Accordingly, Delicom's sole assignment of error is affirmed in part and reversed in part.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed in part and reversed in part. This matter is remanded to the Court of Common Pleas, Perry County, Ohio, for further proceedings consistent with this opinion.
Wise, J., Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY (NUNC PRO TUNC)
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between the parties.