[Cite as *Howard v. Popok & Renehan*, 2012-Ohio-3170.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BONNIE D. HOWARD, EXECUTOR OF THE ESTATE OF JAMES M. HOWARD AND HOWARD INDUSTRIES, INC. | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. |
| Appellants | Case No. 11-CA-116 |
| -vs- | O P I N I O N |
| POPOK & RENEHAN | |
| Appellee | |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 07 CV 01248,
                                09 CV 00 790

JUDGMENT:                       Vacated and Remanded

DATE OF JUDGMENT ENTRY:         July 12, 2012

APPEARANCES:

For Appellee                    For Appellants

THOMAS H. PYPER                 MICHAEL HRABCAK
Pyper & Nordstrom, LLC          HEIDI A. SMITH
7601 Paragon Rd., Suite 301     Hrabcak & Company, L.P.A.
Dayton, Ohio 45459              67 East Wilson Bridge Road, Suite 100
                                Worthington, Ohio 43085

*Hoffman, P.J.*

{¶1} Appellants Bonnie D. Howard, Executor of the Estate of James M. Howard, and Howard Industries, Inc. appeal the October 28, 2011 Judgment Entry of the Licking County Court of Common Pleas in favor of Appellee Popok & Renehan.

STATEMENT OF THE CASE

{¶2} At all times relevant herein, James Howard, decedent, Robert B. Howard, and Cynthia H. Peterson were the sole shareholders of Howard Industries, Inc. James Howard acted as President, CEO, CFO, Treasurer, and Secretary of Howard Industries, Inc. from May, 1997, until December 26, 2006, when he passed away. At all times relevant, James Howard dominated the corporate affairs of Howard Industries, Inc. He provided Appellee Popok & Renehan, an accounting firm, with the information upon which Popok & Renehan would rely when compiling Howard Industries' financial information and tax returns.

{¶3} Upon James Howard's passing, the remaining shareholders and directors filed the within action against the Estate of James M. Howard and Bonnie Howard, alleging among other things misuse of corporate assets for personal benefit. The Estate then filed a derivative claim alleging accounting malpractice against Appellee Popok & Renehan ("Popok").

{¶4} On April 20, 2011, Popok filed a motion for summary judgment. On May 9, 2011, Howard Industries, Inc. filed a memorandum contra the motion for summary judgment. On May 23, 2011, the Estate of James M. Howard filed a memorandum in opposition. On May 25, 2011, Popok filed a reply.

**{¶5}** Via Judgment Entry of October 28, 2011, the trial court granted summary judgment in favor of Appellee Popok & Renehan.

**{¶6}** Appellants now appeal, assigning as their sole error:

**{¶7}** "I. THE TRIAL COURT ERRED IN DETERMINING THERE WERE NO GENUINE ISSUE OF MATERIAL FACT FOR TRIAL."

**{¶8}** This matter is before the Court upon a ruling on a motion for summary judgment. Civ.R. 56(C) provides, in pertinent part:

**{¶9}** "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

**{¶10}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

**{¶11}** The trial court's October 28, 2011 Judgment Entry reads,

**{¶12}** "Significantly, it should be noted the Estate of James Howard did not respond to Popok & Renehan's Motion for Summary Judgment. Moreover, Howard Industries' Memo Contra fails to set forth specific facts showing a genuine issue for trial. As a result, the Court finds that Popok & Renehan's Motion for Summary Judgment is well taken, and hereby granted."

**{¶13}** Upon review of the trial court's docket, it is clear the Estate of James Howard did file a Memorandum in Opposition to the motion for Summary Judgment, with certification of service on May 23, 2011. The trial court found the absence of a response "significant", and did so incorrectly.

**{¶14}** We believe, the material facts in this matter should be reviewed in the first instance by the trial court considering all materials properly submitted herein. As a result, we vacate the judgment of the trial court granting summary judgment in favor of Appellee, and remand the matter to the trial court to redetermine the summary judgment motion.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

BONNIE D. HOWARD,           :
EXECUTOR OF THE ESTATE OF     :
JAMES M. HOWARD AND HOWARD   :
INDUSTRIES, INC.              :
     Appellants             :
                                 :
-vs-                         :          JUDGMENT ENTRY
                                 :
POPOK & RENEHAN            :
                                 :
     Appellee              :          Case No. 11-CA-116

For the reason stated in our accompanying Opinion, we vacate the judgment of the trial court granting summary judgment in favor of Appellee, and remand the matter to the trial court for redetermination in accordance with the law and our opinion. Costs to be divided.

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE